MARY E. HILL *vs.* WEST END STREET RAILWAY COMPANY.

Suffolk.   January 16, 1893. — March 7, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Personal Injuries — Due Care — Contradiction of Witness — Evidence.*

In an action for personal injuries occasioned to the plaintiff while alighting from
the defendant's street car, it was assumed that the fair construction of the testi-
mony of the defendant's witnesses was that in slowing up and coming to a stop the
car made no sudden start forward, but the plaintiff testified that the car did make
a sudden start just as she put her right foot to the ground. *Held,* that if the jury
believed this statement, and also believed the testimony of the defendant's wit-
nesses, that the plaintiff got off while the car was slowing up and before it had
stopped, they would properly find that she was injured by the sudden starting of
the car after it had begun to slow up, and before it had come to a full stop, and
that, although no witnesses had testified that while the car was coming to a
stop it was started up with a jerk, there was evidence from which the jury could
find that such was the fact.

TORT, for personal injuries occasioned to the plaintiff while
alighting from a street car of the defendant.

At the trial in the Superior Court, before *Hopkins,* J., the
plaintiff testified that she was sitting on the end of a seat in one
of the defendant's open street cars on the right hand side facing
the horses; that, as she approached her destination, she arose,
motioned to the conductor to stop the car, and then sat down
again ; that after the car had come to a full stop she stepped
on the running board, and then put her right foot to the ground ;
that just as her right foot touched the ground, and while her left
foot was on the running board and her left hand had hold of the
post of the car, the car suddenly started, without any ring of the
bell being given, and twisted her round to the left, throwing her
to the ground so that she fell on her left side with her left leg
under her, severely injuring her.   She also testified that she was
thrown "with a jerk," that she called it a "jerk," and that the
car had stopped before she attempted to leave her seat to alight.

Witnesses for the defendant testified that the plaintiff got off
the car while it was slowing up and coming to a stop, and before
it had stopped ; that it went some three or four feet from the
point where she fell before it stopped.

The defendant asked the judge to rule that " there was no evidence in this case that, while the car was coming to a stop, it was started up with a jerk and the plaintiff was thereby thrown to the ground and injured." The judge so ruled, and the plaintiff duly excepted.

The plaintiff contended, and attempted to argue to the jury, that even if the car had not come to a full stop, yet if the plaintiff was injured by its being carelessly started up while she was alighting, it was a question for the jury whether, under all the evidence in the case, she was in the exercise of due care and entitled to recover. The judge refused to allow such argument, on the ground that there was no evidence to support such a claim, and, at the request of the defendant, instructed the jury that, " as the evidence stands the plaintiff cannot recover unless the jury find that the car had stopped and was standing still when the plaintiff attempted to alight, and that it was started up by the driver before the plaintiff had fully alighted, and that she was thrown to the ground and injured by such starting of the car."

The jury rendered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs to all the judges, except *Holmes,* J.

*J. D. Long & A. E. Clary,* for the plaintiff.

*M. F. Dickinson, Jr. & W. B. Sprout,* for the defendant.

BARKER, J. There is no sound reason why the familiar doctrine that a party may contradict, though not impeach, his own witness, should not, if the circumstances are consistent with honesty and good faith, be applied when he is himself the witness. Nor, under the same circumstances, is there any reason why, to prove material facts denied by his own testimony, he may not rely on the testimony of witnesses called by the adverse party. In such a case counsel may properly argue that the jury should find in accordance with part of his client's testimony, and in other particulars should reject it and find in accordance with the testimony of other witnesses, on whatever side called. In other words, the law recognizes the fact that parties, as well as other witnesses, may honestly mistake the truth, and requires juries to find the facts by weighing all the testimony, whatever may be its source. It is rarely that two persons relate alike the

same occurrence; and in cases of accidental injury it is not unusual for the person injured correctly to perceive and accurately to remember some of the circumstances, and to be unable to give a correct statement of all.    Even when witnesses are found to have deliberately testified falsely in some material particular, the jury are not required to reject the whole of their uncorroborated testimony, but may credit such portions as they deem worthy of belief.    *Commonwealth* v. *Wood*, 11 Gray, 85, 89, 93.    *Commonwealth* v. *Billings*, 97 Mass. 405.    They are to weigh all the evidence, and while they may not pervert or distort it by rejecting integral parts of a statement, they may accept or reject each distinct statement.    They may thus find proved a state of facts to which as a whole no single witness has testified, and which in some particular is contrary to the account given by every individual witness.    If, in this way or otherwise, they arrive at a verdict unsupported by the evidence, or contrary to its weight, the power to set the verdict aside is in the court, and is the remedy provided.    But the court has no right to instruct them that there is no evidence of a fact which can fairly be inferred from all the evidence, although contrary to some portion of the testimony of every witness.

Applying these principles to the present case, a majority of the court is of the opinion that there was error at the trial.    The jury could find from the plaintiff's testimony, that after she had started to leave the car, and just as her right foot touched the ground, while her left foot was on the running board, the car suddenly started forward without warning, twisted her around, and threw her to the ground with a jerk; consistently with this finding they could reject her statements that it was after the car had come to a full stop that she stepped upon the running board and put her foot to the ground, and that the car had stopped before she attempted to leave her seat to alight.    They could the more properly reject these statements because all of the defendant's witnesses testified that she got off the car while it was slowing up and coming to a stop, and before it had stopped, and that it went three or four feet from the point where she fell before it stopped.    This was the substance of all the evidence as to how the accident happened.

Assuming that the fair construction of the testimony of the

defendant's witnesses is that in slowing up and coming to a stop the car made no sudden start forward, it yet remains that the plaintiff testified that the car did make a sudden start just as she put her right foot to the ground; and if the jury believed this statement, and also believed the testimony of the defendant's witnesses, that she got off while the car was slowing up and before it had stopped, they would properly find that she was injured by the sudden starting of the car after it had begun to slow up, and before it had come to a full stop.   Thus, although no witnesses had testified that while the car was coming to a stop it was started up with a jerk, there was evidence from which the jury could find that such was the fact.

As the court ruled otherwise, and refused to allow the plaintiff's counsel to argue upon that theory, and instructed the jury that the plaintiff could not recover unless they found that the car had stopped and was standing still when she attempted to alight, a majority of the court is of opinion that the verdict must be set aside.                              *Exceptions sustained.*