EMILY J. WHITEACRE *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.     November 30, 1921. — March 14, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Street railway. *Evidence,* Presumptions and burden of proof, Admission.

At the trial of an action of tort by a woman against a street railway company for personal injuries alleged to have been caused by the plaintiff being thrown down inside a semi-convertible car when she had left her seat preparatory to alighting, the plaintiff testified that, as the car approached a usual stopping place in a station, she left her seat, a companion walking ahead, and walked toward the rear door; that a man got between her and her companion; that she took hold of a hanger-strap with one hand; that as the car slowed down she let go and "went to step from the floor of the car" into the vestibule; that, just as she did so, the car stopped with a sudden jerk and threw her forward against the cash box and she fell, and a thick set man was "knocked back against the middle of the vestibule under the window;" that there was but one stop and

that the jerk occurred as the car was coming to a stop. The plaintiff's companion testified that as the car came into the station she got up to get out and alighted when it stopped and, turning around to see if the plaintiff was coming, from her position on the station platform saw the "car jerk, start, give a jerk and" the plaintiff "fall against the fare box and on to the floor;" that the car moved about a foot with a quick movement and she was looking at the plaintiff when the car made the jerk. The judge ordered a verdict for the defendant, and, on exceptions by the plaintiff, it was *held,* that

(1) Assuming that the direction of the verdict would have been right if the accident had occurred as described by the plaintiff, nevertheless the jury were not bound to accept the plaintiff's version of the way in which the accident happened, her evidence not having the effect of an admission that the accident happened as testified by her nor estopping her from claiming that it happened in a different way;

(2) The jury were warranted in finding that the location and power of observation of the plaintiff's companion rendered her description of the accident the more credible; and that the plaintiff, who had started to alight, was thrown forward and injured by the sudden starting of the car after it had stopped to deliver passengers and that this starting was negligent in the circumstances disclosed;

(3) The action should have been submitted to the jury.

TORT for personal injuries alleged to have been caused by the plaintiff being thrown down inside an electric street car of the defendant when she had left her seat to alight. Writ dated September 25, 1918.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, a verdict was entered for the defendant; and the plaintiff alleged exceptions.

*H. R. Donaghue,* for the plaintiff.

*A. E. Pinanski & G. E. Morris,* for the defendant, submitted a brief.

JENNEY, J. The plaintiff testified in substance as follows: On the day of the accident she was a passenger of the defendant in a semi-convertible car in which she sat in one of the rear cross seats. She was accompanied by one Mary Wakelin. As the car approached the usual stopping place in the Harvard Square subway, she left her seat, her companion walking ahead, and went toward the rear door. Before they reached the door a man got between her and Miss Wakelin. The plaintiff took hold of one of the hanger-straps by one hand. As the car slowed down she let go and "went to step from the floor of the car" into the vestibule; just as she did this the car stopped with a sudden jerk

and threw her forward against the cash box, and she fell. There was but one stop. When the car gave this jerk, it was coming to the stop, and it was the stopping of the car that caused her fall. At the same time she saw a thick set man "knocked back against the middle of the vestibule under the window." He was thrown against the side of the car.

The witness Wakelin testified that when the car came into the Harvard Square station she got up to get out before it stopped and when it stopped she alighted from the car and turned around to see if the plaintiff was coming. As she stood on the station platform she next saw "the car jerk, start, give a jerk and Mrs. Whiteacre fall against the fare box, and on to the floor. The car moved about a foot with a quick movement; she was looking at Mrs. Whiteacre as the car made this jerk or quick movement. She further said that she saw her [the plaintiff] walking in the car when the car was stopped." On cross-examination she also testified that the car had stopped, the door had been opened and that she had alighted and taken a step or two from the car and turned around to see where the plaintiff was. When she turned around the car had just started and the plaintiff then was standing on the floor in the rear vestibule beside the money box. While the cross-examination may have affected the weight of this evidence, it did not destroy its probative effect.

Evidence was offered by the defendant that the accident was caused by the plaintiff's turning her ankle and that the car did not come to a standstill and then start again.

A verdict was ordered for the defendant subject to the plaintiff's exception.

There is no contention that the plaintiff was not entitled to go to the jury upon the issue of her own due care.

It is assumed that if the accident had occurred as described by the plaintiff the direction of the verdict would have been right. See cases collected in *Work* v. *Boston Elevated Railway*, 207 Mass. 447; *Martin* v. *Boston Elevated Railway*, 216 Mass. 361; *Anderson* v. *Boston Elevated Railway*, 220 Mass. 28.

The jury, however, were not bound to accept the plaintiff's version of the way in which the injury happened. Her evidence did not have the effect of an admission that the accident happened as testified by her nor did it estop her from claiming that

it happened in a different way. The evidence considered as a whole was open to more than one conclusion and the question of what findings ought to be made upon it was for the jury. *Reed* v. *Deerfield,* 8 Allen, 522. *Kane* v. *Learned,* 117 Mass. 190. *Hill* v. *West End Street Railway,* 158 Mass. 458. *Ducharme* v. *Holyoke Street Railway,* 203 Mass. 384.

It could have been found that the place and power of observation of the witness Wakelin rendered her description of the accident the more credible; and that the plaintiff, who had started to alight, was thrown forward and injured by the sudden starting of the car after it had stopped to deliver passengers and that this starting was negligent in the circumstances disclosed. *McGlinchy* v. *Boston Elevated Railway,* 206 Mass. 7. *McDermott* v. *Boston Elevated Railway,* 208 Mass. 104. *Fitzpatrick* v. *Boston Elevated Railway,* 223 Mass. 475.

The case should have been submitted to the jury.

*Exceptions sustained.*