HERTER *v*. CITY OF DETROIT.

1. CARRIERS—STREET RAILWAYS—QUESTIONS OF NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE FOR JURY UNDER CONFLICTING TESTIMONY.

In an action against a city for personal injuries caused by a collision between one of its street cars, on which plaintiff was a passenger, and a truck parked near the curb, where there was a conflict of testimony as to what really happened, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

2. TRIAL—WITNESSES—PHYSICIANS AND SURGEONS—EVIDENCE.

While a doctor may not testify to exclamations of pain by plaintiff on an examination made for the purpose of testifying in an action for personal injuries, there was no error in allowing him, in explaining the nature of plaintiff's injury to the jury, to move both plaintiff's shoulder and elbow joint to illustrate the sound made thereby, although during same plaintiff made exclamations of pain in the jury's presence.

3. DAMAGES—EVIDENCE—SURGEON'S BILLS.

In an action for personal injuries, there was error in the admission of bills handed to plaintiff by the bookkeeper of the surgeon who attended him, without evidence of the reasonable value of the service rendered.

4. TRIAL—NEGLIGENCE—INSTRUCTIONS.

An instruction in a personal injury case as to what constituted negligence on the part of defendant, *held*, not subject to criticism, where it fairly apprised the jury of the elements of proof necessary to sustain the charge.

5. CARRIERS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—USE OF WORD "WILFULLY" UNFORTUNATE.

In an action for injuries to plaintiff's arm, which was crushed by a collision between the street car in which he was a passenger and a truck, an instruction that if plaintiff wilfully allowed his arm to protrude out of the window he was guilty of contributory negligence was unfortunate, since negligence

On excessiveness of verdicts in actions for personal injuries other than death, see annotation in L. R. A. 1915F, 30.

On excessiveness of verdicts for injury to arm, hand, wrist, or fingers, see annotation in 46 A. L. R. 1244, 1278, 1294, 1304, 1420.

is predicated on want of care, and under the instruction the jury could find for plaintiff unless he intentionally permitted his arm to protrude.

6. APPEAL AND ERROR—INCONSISTENT INSTRUCTIONS—ASSUMPTION BY COURT.

Where an erroneous instruction in plaintiff's favor was followed by another, given at defendant's request, seemingly to correct the error, the Supreme Court, to sustain the verdict in plaintiff's favor, must assume that the jury followed the correct instruction rather than the other.

7. NEGLIGENCE—PREDICATED ON WANT OF CARE.

Negligence is predicated on want of care rather than on wilful acts.

8. DAMAGES—PAIN AND SUFFERING—INSTRUCTION REFERRING TO WHAT ONE WOULD TAKE SHOULD NOT BE GIVEN.

An instruction in reference to damages for pain, suffering, and humiliation, in which the court used the language: "If a man said to you, 'What will you take to suffer this or that?' usually you would not take anything," should not have been given, since it was liable to be misunderstood by the jury.

9. CARRIERS—ON ENTIRE RECORD REVERSAL REQUIRED.

Consideration of the entire record bearing upon the assignments of error, *held*, to require reversal of the judgment in favor of plaintiff.

Error to Wayne; Sample (George W.), J., presiding. Submitted October 16, 1928. (Docket No. 25, Calendar No. 33,841.) Decided January 7, 1929.

Case by George Herter against the city of Detroit for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Clarence E. Wilcox,* Corporation Counsel, and *Hazen J. Payette,* Assistant Corporation Counsel, for appellant.

*Bresnahan & Groefsema,* for appellee.

SHARPE, J. While a passenger for hire on one of the street cars of defendant's municipally-owned transportation system on August 26, 1926, plaintiff

was seated next to an open window near the front of the car, with his elbow resting upon the ledge, which was about three inches in width, and engaged in reading a newspaper. As the car proceeded along Beaubien street, it approached a truck parked near the curb. From the curb to the nearest rail was 9 feet and 10 inches. There was no person on the truck. It is plaintiff's claim that the front end of the street car came in contact with the rear end of the truck, that the jolt caused his arm to drop out of the window. It was quite badly crushed between the truck and the car. In this action for damages he recovered a verdict for $10,000. Defendant's motion for judgment *non obstante veredicto,* which had been reserved, and a motion for a new trial, were denied and judgment entered on the verdict. Defendant seeks review thereof by writ of error.

1. *Negligence of the Parties.* It will serve no useful purpose to review the evidence bearing on the questions in dispute. As stated by the trial court, "there was a conflict of testimony as to what really happened, therefore making it a question of fact for a jury."

2. *Admission of Evidence.* (a) Dr. Tolman, a physician and surgeon of 34 years' experience, was sworn as a witness. During his examination the plaintiff was permitted to bare his arm and the doctor explained to the jury the nature of the injury thereto. He testified that in moving both the shoulder and the elbow joint there was a sound "much like an old-fashioned coffee grinder," and illustrated this fact by the use of plaintiff's arm. It is said that the plaintiff then made "exclamations of pain" in the presence of the jury, and that error was committed thereby. The plaintiff had theretofore testified that he at times suffered pain. While the doctor might not testify to exclamations of pain on an ex-

amination made by him for the purpose of testifying (*Jones* v. *Village of Portland,* 88 Mich. 598 [16 L. R. A. 437]), we find no error in what there occurred. *Butts* v. *City of Eaton Rapids,* 116 Mich. 539.

(*b*) *Doctor's Bills.* There was error in the admission of two bills handed plaintiff by the bookkeeper of the surgeon who attended him, without evidence of the reasonable value of the service rendered. *Alt* v. *Konkle,* 237 Mich. 264, 270.

3. *Instructions to the Jury.* (*a*) The instruction as to what constituted negligence on the part of the defendant is not subject to the criticism indulged in. It fairly apprised the jury of the elements of proof necessary to sustain the charge.

(*b*) The jury were instructed that if the plaintiff permitted his arm to protrude out of the window so that it might come in contact with vehicles or objects near the car, he would be guilty of contributory negligence. The court then said:

"That is, if he wilfully, of his own will, permitted himself—as the defendant has contended in this case—did allow his arm to protrude through the window, and that protrusion was the cause of the accident, or contributed to the accident, then, of course, that would be what is known in law as contributory negligence."

The use of the word "wilfully" was unfortunate. Negligence is predicated on want of care. *Leary* v. *Traction Co.,* 171 Mich. 365 (45 L. R. A. [N. S.] 359). Witnesses for the defendant testified positively that there was no jolt, that the car did not strike the truck. Under this instruction the jury could have found for plaintiff unless he intentionally permitted his arm to protrude through the window. There was a further instruction, given at the request of defend-

ant, which seemingly corrected this error. To sustain the verdict, we must assume that the jury followed it rather than that above quoted.

(*c*) In his instructions the court said:

"Under the head of this matter of pain and suffering and humiliation, I am unable to give you any definite rule by which you can assess damages. Nor could any court give you such a rule. However, the law allows jurors to assess damages for pain and suffering and humiliation. Nobody can measure pain and suffering in damages. No one can value them particularly. If a man said to you: 'What will you take to suffer this or that?' usually you would not take anything. There is no way of measuring pain and suffering definitely. But, I say to you, ladies and gentlemen of the jury, it is a proper measure of damages. The only thing I can say to you about assessing damages in this kind of a case for pain and suffering is that it is just a question of plain common sense. One judge has said it was just a matter of plain horse sense, and that particular statement was approved by the Supreme Court. Allow just such a sum as you think should be allowed in dollars and cents."

This court has many times said that an appeal by an attorney to a jury to consider what they would take to undergo the pain and suffering endured by the plaintiff as a result of an injury is improper, and constitutes reversible error. *Daly* v. *Railroad Co.,* 197 Mich. 340, and cases there cited.

The members of this court differ much as to the effect of this instruction on the jury. Some of the Justices are of the opinion that it was quite as prejudicial, if not more so, as if the statement had been made by plaintiff's attorney. An instruction which might have been so understood should not have been given.

4. *Excessive Verdict.* It is urged that the verdict of $10,000 is excessive. The plaintiff was 58 years of age at the time of his injury. He had theretofore been employed for about 14 years by a motor company "following watchman's jobs or investigating, watchman's positions mostly," for which he received $35 for 6 days' service. He resumed the same employment about 7 months thereafter, but at a weekly wage of $25. This reduction is not explained. The nature of his injury does not account for it.

After a careful consideration of the entire record bearing upon the assignments of error, we feel constrained to hold that the judgment should be set aside and a new trial ordered, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.