[Civ. No. 7317. First Appellate District Division Two.—August 4, 1930.]

T. TANAKA, Respondent, v. BRUNO GRANELLI, Appellant.

J. Hampton Hoge and A. Dal Thomson for Appellant.

Ford & Johnson and J. J. Bullock for Respondent.

NOURSE, P. J.—Plaintiff sued for personal injuries arising out of a motor vehicle collision. The cause was tried with a jury which returned a two thousand dollar verdict for plaintiff. Defendant appeals on typewritten transcripts.

Early in the morning of August 8, 1926, plaintiff was driving a Ford car down the "Big Curve" on the Skyline Road leading to Half Moon Bay. At the same time defendant was driving a Hudson car up the grade in the opposite direction. As plaintiff approached a point in the road where there was a sharp curve the defendant came around the curve traveling on the left, or plaintiff's side of the center of the highway, at a speed of twenty-two to twenty-five miles an hour. Plaintiff slowed his car to a speed of about five miles, turned off the paved portion of the highway and within a foot of a steep embankment on his right, and, when in this position, and approximately at a standstill, defendant continued on his course, striking and breaking the left rear wheel, fender and running-board of plaintiff's car. As a result of the impact the plaintiff received a severe injury to his eye for which the damages were awarded.

The appellant argues that the evidence is insufficient to support the verdict, but he does no more than present the usual case of a conflict between the testimony of the participants in the collision, and it is unnecessary to say more than that such conflict is to be determined by the jury.

Appellant also argues that the respondent was guilty of contributory negligence as a matter of law. Here, too, the appellant merely presents the ordinary case where there is some evidence which would have supported a verdict finding respondent guilty of contributory negligence. But

this is far different from a case which would justify the trial judge in taking the issue from the jury. The precise question was recently discussed by us in *Swartz* v. *Acme Express & Drayage Co.*, 102 Cal. App. 615 [283 Pac. 358], and we could serve no purpose in extending that discussion here.

■ Finally, it is argued that the trial court erred in giving the following instruction to the jury: "You are instructed that in determining whether the plaintiff was or was not guilty of contributory negligence, in the absence of evidence to the contrary, the law presumes that he did everything that a reasonably prudent person would have done under the circumstances for the protection of his own safety." Numerous cases are cited—some holding merely that this presumption is dispelled by positive evidence to the contrary, and others holding that it is error to give the instruction in a case of this kind. The latter cases are from other jurisdictions and none of the California authorities holds that the plaintiff is not entitled to this instruction under any circumstances.

The rule in this state is statutory. Section 1957 of the Code of Civil Procedure provides that the presumptions mentioned in the code shall be taken as evidence. Such being the case, there can be no error in instructing a jury that a certain presumption may be considered as evidence in a case where it is applicable. This question was recently considered in *Rogers* v. *Interstate Transit Co.*, (Cal. App.) 284 Pac. 499, 504, and in *Smellie* v. *Southern Pac. Co.*, (Cal.) 287 Pac. 343, 346]. The Rogers case was transferred to the Supreme Court, and a rehearing was granted in the Smellie case by that court. Thus, though neither opinion is now authoritative, the reasoning in both on the point involved is most persuasive. In the Rogers case Mr. Justice Thompson said: "This presumption is, therefore, entitled to be weighed and considered by the jury, together with all other evidence upon the subject in determining that issue. The question as to whether this presumption has been rebutted by other evidence is a problem for the jury to determine. (*Davis* v. *Tanner*, 88 Cal. App. 67 [262 Pac. 1106]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20, 25 [204 Pac. 393].)" In the Smellie case Mr. Justice Curtis said:

"That a presumption is evidence and may in certain cases outweigh positive evidence adduced against it has long been the settled law of this state. (*People* v. *Milner,* 122 Cal. 171 [54 Pac. 833]; *Sarraille* v. *Calmon,* 142 Cal. 651 [76 Pac. 497]; *People* v. *Siemsen,* 153 Cal. 387 [95 Pac. 863]; *Pabst* v. *Shearer,* 172 Cal. 239 [156 Pac. 466]; *Thompson* v. *Davis,* 172 Cal. 491 [157 Pac. 595]; *Gilmour* v. *North Pasadena Land etc. Co.,* 178 Cal. 6 [171 Pac. 1066]; *Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 Pac. 393]; *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269]; *Pacific Portland Cement Co.* v. *Reinecke,* 30 Cal. App. 501 [158 Pac. 1041]; *Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 73].)"

It is true that there is some confusion in the decisions as to the weight of a presumption in face of positive evidence of facts tending to dispel it. But we are not concerned with that question here. Upon the point involved—the propriety of the instruction given—we find no error. Judgment affirmed.

Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 3, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 2, 1930.