[Civ. No. 8167. First Appellate District, Division Two.—March 17, 1932.]

LOUISE ROHNER, a Minor, etc., et al., Respondents, v. ROBERT CROSS et al., Appellants.

J. Hampton Hoge and A. Dal Thomson for Appellants.

Ingemar E. Hoberg for Respondents.

NOURSE, P. J.—Plaintiffs sued for damages for personal injuries to Louise Rohner. The jury returned a verdict for plaintiffs in the sum of $5,416 and the defendants appeal upon typewritten transcripts.

The injuries resulted from a collision of an automobile driven by Louise Rohner with one driven by defendant Helen Cross at a street intersection in the city of Palo Alto. The Rohner car was struck on the left rear wheel and spun around twice; the driver was thrown against the steering-wheel and suffered minor bruises of the body. Medical examination later disclosed a sacro-iliac sprain, a retroversion of the uterus, and an injury to the tendon of the left knee. The patient complained of pain in the muscles of the neck, back and right leg, but this was relieved in the course of two or three days.

The appellants urge that the damages awarded are excessive and that the trial court erred in the admission of certain evidence. Complaint is also made of certain instructions. These points do not require extensive treatment—the negligence of defendant Helen Cross was shown by evidence which is not substantially controverted—the want of contributory negligence on the part of Mrs. Rohner is not open to controversy. Hence it is sufficient to say as to these points that the instruction covering the presumption of ordinary care on her part was proper,

there being no evidence to the contrary (*Tanaka* v. *Granelli*, 107 Cal. App. 547, 549 [290 Pac. 515]); that the instruction relating to the duty of one operating a motor vehicle was correct in the abstract, applied to both parties, and was not prejudicial; that the instruction relating to physical pain or mental suffering in the future was properly given under respondents' theory of their case and related to an issue upon which some evidence had been offered; ■ and that no prejudicial error arose from the ruling permitting one of the expert witnesses to repeat some of the history of Mrs. Rohner's case. This evidence was admissible as a basis for the medical opinion the doctor was about to give. (*Davis* v. *Renton*, 113 Cal. App. 561 [298 Pac. 834].) If appellants desired to have the answers confined to that purpose they might have requested it at the time.

■ The discussion of the point relating to the amount of the verdict does not present any real question of law. Mrs. Rohner was a girl of nineteen who had been married about six weeks prior to the accident. She called two physicians, who testified that, after the accident, they found that she had a sprain of the sacro-iliac ligaments and that her uterus was tipped backward and to the right. They expressed the opinion that both of these injuries were the result of the accident. These witnesses also testified that both of these injuries were permanent. Two physicians called by appellants directly contradicted the others on both subjects. The jury was thus confronted with a conflict of evidence and it cannot be said that there is not sufficient evidence to support the verdict. Awards of this nature are within the province of the jury, and the duty rests with the trial court to see that no unjust burden is imposed upon a party at the trial. The function of the appellate courts is correctly stated in *Davis* v. *Renton*, *supra*, where the court says: "The reviewing court may interfere only in cases where the excess appears as a matter of law, or where the recovery is so grossly disproportionate to any compensation reasonably warranted by the facts as to shock the sense of justice or at first blush raise a presumption that it is the result of passion, prejudice or corruption rather than honest and sober judgment. (*Bond* v. *United Railroads*, 159 Cal. 270 [Ann. Cas. 1912C, 50, 48

L. R. A. (N. S.) 687, 113 Pac. 366]; *Pedrow* v. *Federoff*, 77 Cal. App. 164 [247 Pac. 212]; *Horn* v. *Yellow Cab Co.*, 88 Cal. App. 678 [263 Pac. 1025].)''

The record in the case at hand does not measure up to the elements made necessary under these decisions. There is no evidence of passion, prejudice or corruption, and, because there is some evidence of future pain and suffering, it cannot be said that the award is ''grossly disproportionate to any compensation reasonably warranted.''

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 16, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1932.