[Civ. No. 1202. Fourth Appellate District.—April 3, 1934.]

C. W. JOHNSON, Respondent, v. GEORGE I. JOHNSON et al., Appellants.

M. F. McCormick for Appellant Johnson.

Wakefield & Hansen for Appellant Eastlund.

James W. Campbell for Respondent.

BARNARD, P. J.—This is an action to recover damages for injuries sustained by the plaintiff while riding in an automobile as the guest of his father, the defendant George I. Johnson, which injuries occurred as the result of a collision between that automobile and one driven by the defendant Eastlund. The collision occurred in the daytime of June 1, 1930, at the intersection of Mendocino Avenue and Dinuba Avenue, two country roads in Fresno County. Mendocino Avenue is a paved road running north and south and Dinuba Avenue, an oiled road, intersects it at right angles. On the occasion in question the Johnson car was proceeding north on Mendocino Avenue and the Eastlund car came from the west on Dinuba Avenue and· turned north on Mendocino. The collision occurred somewhere within this intersection and while the Eastlund car was making the turn .or just as it was completing the same. There were no eye-witnesses other than the occupants of the two cars and their testimony is hopelessly conflicting.

Testimony was given by the defendant Johnson and his witnesses to the effect that he was traveling through the intersection at about thirty miles an hour; that about fifty

feet south of the intersection his son called his attention to the Eastlund car; that he then saw this car some one hundred or two hundred feet west of the intersection; that that car was then traveling between twenty-five and thirty miles an hour; that he entered the intersection first; that the collision occurred when the rear of his car was about the center of Dinuba Avenue; that the Eastlund car hit his car over the left rear wheel; that after the collision his car struck an electric power pole standing at the northeast corner of the intersection; that his right rear fender struck the pole and the car bounced north and to the west of the pole; and that the Eastlund car stopped about the middle of the paved portion of Mendocino Avenue, near the north line of the intersection and just to the west of where his car stopped. He also testified that he did not slacken his speed and that he had no occasion to do so as he had the right of way.

The defendant Eastlund's version, sustained by other occupants of his car, was that as he approached the intersection he was traveling not more than fifteen miles an hour; that he reduced his speed and entered the intersection at not more than eight miles an hour; that he intended to turn north on Mendocino Avenue and signaled for a left-hand turn by holding his left hand straight out; that he saw the Johnson car when he was about twenty feet from the intersection; that at that time the Johnson car was about two hundred or three hundred feet south of the intersection and coming pretty fast, probably fifty miles an hour; that he did not cut the corner, but made a square turn, keeping on the pavement, however; that the collision occurred when he had about completed the turn and when his car was not quite straightened out parallel with the east edge of the pavement; that the Johnson car struck his car on the right-hand front fender just ahead of the right front door; that the left front wheel or bumper on the Johnson car struck his car; that the cars then bounced together, throwing the rear end of the cars together; that neither the front of his car nor any portion thereof near the front struck the left rear fender of the Johnson car; that the front right wheel of his car was broken and the front fender and back fender on the right side of his car were damaged; and that at the time of the collision his automobile was on the ·

east edge of the pavement and the Johnson car was either entirely or partly off the pavement.

A disinterested witness who arrived on the scene shortly after the accident testified that the Johnson car was entirely on the dirt with its rear about two feet from the power pole; that the Eastlund car was standing on the pavement just to the west of the other car; that the right front wheel on the Eastlund car was broken and the right front fender damaged; that the right side of the Johnson car was damaged; and that the right rear wheel hub on the Johnson car had plowed a hole in the power pole an inch deep and about three inches wide.

At the time this accident occurred the law permitted a guest to recover on proof of gross negligence and this case was tried upon that theory. The jury rendered a verdict against both defendants and each defendant has appealed, the appeals being separately presented.

The appellant Johnson first contends that the evidence, as a matter of law, is not sufficient to support the implied finding of gross negligence on his part. . It is first contended that while the evidence given by the occupants of the Eastlund car was to the contrary, the physical facts conclusively prove that the Johnson car entered the intersection first and that the other car struck it on the fender just over the left rear wheel. As demonstrating this, this appellant relies upon a photograph of his car appearing in the record which shows its left rear fender dented or caved in just above that wheel. It is argued that this physical fact cannot be explained under the theory maintained by the occupants of the Eastlund car and conclusively shows that this appellant's theory as to how the accident occurred is correct. The danger of relying exclusively upon the condition and position in which cars are left for an explanation as to how a collision occurred, and the many elements of uncertainty affecting such a situation, has been frequently pointed out (*Fishman* v. *Silva,* 116 Cal. App. 1 [2 Pac. (2d) 473]; *Johnston* v. *Peairs,* 117 Cal. App. 208 [3 Pac. (2d) 617]; *Holt* v. *Yellow Cab Co.,* 124 Cal. App. 385 [12 Pac. (2d) 472]). It may be also observed that this appellant's theory of how the accident happened leaves unexplained a number of other physical facts. For instance, the front end of the Eastlund car was not

damaged, the left front fender and light on the Johnson car were badly damaged, as shown by the photographs appearing in the record, and the bumper of the Johnson car was knocked off, although the evidence shows that neither the front nor the left side of that car struck the power pole. It would appear that the existing physical facts, that is the condition in which the cars were left, could be better explained under the theory advanced by Eastlund as to how the accident occurred than under this appellant's version. It is easy to account for the damage appearing on the right front side of the Eastlund car and for the damage to the bumper and left front side of the Johnson car, if the Eastlund car, as it was about to complete the turn, was struck just behind its right front wheel by the bumper and left front side of the Johnson car. And the force of the blow, with the fact that the Eastlund car was being steered to its left in making the turn, might then naturally result in the rear portion of the Eastlund car sliding to its right and making the dent which appears in the left rear fender of the Johnson car. The force of the collision and the natural impulse of the driver to turn to the right would then account for the Johnson car swerving to the right and colliding with the power pole after the front end of the car had passed that object. Under the record here, it is not possible to hold that the physical facts relied upon by this appellant are sufficient to overcome the physical facts and the testimony which tend to have a contrary effect.

This appellant next contends that the evidence is not sufficient to show gross negligence upon his part for the reason that the respondent's testimony as to how the accident occurred corresponds with and sustains this appellant's theory in that regard and that any evidence supporting the theory advanced by Eastlund cannot change the result, so far as this appellant is concerned, because the respondent is bound by his own testimony and cannot avail himself of any contrary testimony appearing in the record. In effect, it is argued that the respondent is bound by his own testimony, that this testimony is essentially the same as that given in support of this appellant's theory, and that the respondent may not recover against this appellant regardless of any other evidence which appears.

It may first be observed that while it has usually, if not always, been held that the rule contended for applies where a party to an action testifies to some fact peculiarly within his own knowledge or where he makes an admission, there is very good authority for refusing to apply the rule in a case where a party, instead of making an admission or testifying as to a fact peculiarly within his knowledge, is merely giving a narration of how something occurred as the same appeared to him. (*Hill* v. *West End St. Ry. Co.*, 158 Mass. 458 [33 N. E. 582] ; *Whiteacre* v. *Boston Elevated Ry. Co.*, 241 Mass. 163 [134 N. E. 640]; *Kanopka* v. *Kanopka*, 113 Conn. 30 [154 Atl. 144, 80 A. L. R. 619].) The exception referred to might well be applied to accident cases, where it is well known that honest witnesses do not always see the same thing or get a correct impression of the happening and relation of a series of events which take place almost simultaneously. In any event, whether or not this exception be adopted in this state, there is nothing in the respondent's testimony which necessarily conflicts with the essentials of the theory of the accident advanced by Eastlund. While the respondent did not testify strongly against his father, certain omissions in his testimony are significant. He does not state who came into the intersection first and he does not definitely state which car first struck the other. He testified that he was riding in the rear seat of his father's car and that he saw the collision; that at that time the rear of his father's car was about the center point of the intersection; and that his father's car was on the right half of the pavement and at no time left the pavement. While he states that the right front wheel of the Eastlund car came in contact with and struck the left rear wheel of his father's car he does not say when this occurred. He then states that the right-hand side of his father's car hit the power pole and that there was no contact or hitting of one car against the other after his father's car hit the power pole. He states that the Eastlund car was about three hundred feet from the intersection when he first saw it, that it was traveling about twenty-five miles an hour and that it increased its speed as it neared the intersection. He also testified that his father's car was about three hundred feet from the intersection when he first saw the other car, that it was going about thirty-five miles

an hour and that his father slackened his speed to about twenty-five miles an hour as he approached the intersection. Under this testimony, with the other evidence, the jury could have believed that the Eastlund car was in the intersection first, that it had practically completed the turn, that the left front of the Johnson car struck the right front of the Eastlund car, and that as the Johnson car went on, the right front of the Eastlund car rebounded and struck the left rear of the Johnson car. Or the jury might have believed that when the front end of the cars came together the force of the blow swung the rear end of the two cars together. Or, if the respondent's testimony be taken to mean that the first contact of the two cars was between the right front wheel of the Eastlund car and the left rear wheel of the Johnson car, the jury could have believed that while the Eastlund car was completing the turn and the Johnson car was attempting to pass it, the left rear fender of the Johnson car came into contact with the right front side of the Eastlund car, and thereafter the force of the blow and the action of the drivers caused the rear of the Johnson car to swerve to the right, and brought the front of the two cars together, causing the damage shown by the record. Under any theory of the case, the question was one of fact for the jury.

This appellant does not raise the point that the facts supporting Eastlund's theory of the happening of the accident are, in themselves, not sufficient to show gross negligence as distinguished from ordinary negligence. Under the law as established during the time gross negligence prevailed as a basis for recovery in such cases, the question whether such negligence existed was one for the jury. And, under the decisions, we think the evidence to the effect that this appellant approached this intersection at a speed of fifty miles an hour and entered the same at approximately that speed, and that Eastlund had the right of way, together with the fact that there was nothing to prevent this appellant from seeing the other car in the intersection and making the turn, was sufficient to sustain the jury's finding.

The appellant Johnson next complains of the giving of the following instruction:

"You are instructed that it is a part of the duty of the operator of a motor vehicle to keep his machine always under control, so as to avoid collisions with other cars and other persons using the highway. He has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and must anticipate and expect the presence of others. Accordingly, the fact that he did not know that any one was on the highway, is no excuse for the conduct, which would have amounted to recklessness, if he had known that another vehicle or person was on the highway."

It is argued that this instruction was erroneous and prejudicial for the reason that this appellant had the right of way and that the instruction fails to take account of that fact. It does not certainly appear that this appellant had the right of way and there was ample evidence to permit the jury to find that the other car had the right of way. Instructions were given as to the right of way rule and the entire matter was left to the jury and, we think, properly so. As the court said in *Lindenbaum* v. *Barbour,* 213 Cal. 277 [2 Pac. (2d) 161, 164]:

"We are also unable to agree with appellant's contention that the judgment should be reversed by reason of the fact that the court erroneously instructed the jury to the prejudice of the defendant. Appellant objects to an instruction which states that the defendant was 'bound to anticipate that he might meet persons at any point on the highway and he must, in order to avoid a charge of negligence, keep a proper lookout for them. . . . ' He argues that the obligation to keep a proper lookout placed a burden upon the defendant which under the facts he was not required to bear, inasmuch as this obligation was inconsistent with the rights flowing from the right of way rule. It is apparent that in complaining of this instruction appellant is presuming that he was entitled to the right of way at the intersection. As we have before indicated he was not entitled to the right of way, and this is not, therefore, a valid objection to this particular instruction nor to the other instructions complained of, which complaints involve the same assumption."

 The only other point raised by this appellant and the only point raised by the appellant Eastlund is that the

court erred in refusing an instruction offered by each. Each of these instructions was to the effect that if the jury found from the evidence that that defendant entered the intersection before the other defendant entered the same, the one thus first entering had the right of way. It may be conceded that an instruction along this line was called for under the circumstances shown by the evidence, but the court gave one reading as follows:

"Section 131 of the California Vehicle Act provides that 'The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right.' "

This instruction covered the matter in question in the words of the statute and we see no prejudicial error in refusing to repeat the same thing in three different ways.

For the reasons given, the judgment is affirmed.

Marks, J., and Jennings, J., concurred.