[Civ. No. 9490. Second Appellate District, Division Two.—March 18, 1935.]

M. L. WILLOUGHBY et al., Respondents, v. HARRY ZYLSTRA et al., Appellants.

E. P. Mulholland, Swaffield & Swaffield, Kenneth Sperry and Joseph E. Madden for Appellants.

Paul Barksdale D'Orr, Thomas A. Reynolds and C. Ransom Samuelson for Respondents.

WILLIS, J., *pro tem.*—Plaintiffs, respondents herein, joined in an action for damages for personal injuries suffered as a result of a collision between the automobile in which they were riding and one belonging to the appellant City of Signal Hill, a municipal corporation, and operated

at the time of such collision by appellant Harry Zylstra, an employee of said municipal corporation, during the course of his employment and work of oiling streets of the city. The cause was tried before the court with a jury, and by separate verdicts each plaintiff was awarded damages in the sum of $5,000. No question of responsibility among the individuals participating in the collision is raised herein, the jury's implied findings in that respect being recognized as conclusive on this appeal; but appellants contend that certain rulings of the court on admission of evidence are prejudicially erroneous, that the damages awarded are excessive, that counsel for respondents was guilty of prejudicial misconduct in his closing argument and that the appellant City of Signal Hill is not liable for acts of negligence of its servant done in the performance of duties which are governmental in their nature.

Respondents called as an expert medical witness a physician who, after being qualified as an expert, related the statements made to him by respondent Ruby Arnett during an examination he made of her during the progress of the trial for the purpose of forming and giving an opinion, as an expert witness, as to her physical condition. Counsel for appellants repeatedly objected to admission of such statements on the ground that they were hearsay, such objections being addressed to all the statements made by such respondent. The statements embraced complaints of present pain and suffering, including those showing present subjective symptoms, and the history of her injuries, including some history of past suffering and miseries. ██ On the trial of cases for damages for personal injuries complaints by the injured party of present pain and suffering are admissible on proper foundation as evidence through the medium of either medical or lay witnesses. (*Bloomberg* v. *Laventhal,* 179 Cal. 616 [178 Pac. 496]; *Kimball* v. *Northern Electric Co.,* 159 Cal. 225, 231 [113 Pac. 156].) ██ Declarations and statements, made to an examining expert by an injured party, of previous condition and past suffering, when declared by the expert to be necessary to enable him to form an opinion as to the nature and extent of disease or injury, and when such statements constitute in part the basis upon which the opinion of the expert is based, are admissible, not for the purpose of establishing the truth of the state-

ments but to serve as a basis for the medical opinion the expert is about to give. (*People* v. *Shattuck,* 109 Cal. 673 [42 Pac. 315]; *Davis* v. *Renton,* 113 Cal. App. 561 [298 Pac. 834]; *Rohner* v. *Cross,* 121 Cal. App. 667 [9 Pac. (2d) 509].) ▇ We have examined the record herein and find nothing in the relation of past history that transcends the rule above announced; and it appears from such record that the witness declared that a relation of what the patient told him was important in the light of his physical findings and opinions.

During the trial, over appellants' objection, a medical witness was permitted to physically manipulate with his fingers upon the neck, and to pinch the cervical vertebrae of respondent Ruby Arnett, in the presence and view of the jury. The record discloses that it consisted in a medical examination of the injured parts and amounted to what might be termed a demonstration before the jury. On the face of the record of trial, such proceedings appear innocent of anything improper or prejudicial. However, affidavits of appellants used on their motion for a new trial revealed that the effect, as manifested to the jury, of the manipulation and pinching on respondent consisted in cringing and twisting of her body with accompanying registration of pain by her facial expression and contortion. ▇ The reception of evidence by way of demonstration, like that produced by experiment, lies primarily and largely in the discretion of the trial court; and it would only be in case of a plain abuse of such discretion that an appellate court would interfere. (*People* v. *Parker,* 4 Cal. App. (2d) 421 [40 Pac. (2d) 836]; Jones on Evidence, sec. 406; *Stephens* v. *Elliott,* 36 Mont. 92 [92 Pac. 45]; *Herter* v. *City of Detroit,* 245 Mich. 425 [222 N. W. 774].) While permission to produce evidence by demonstration of physical condition or pain in the presence of the jury might open the door to deception or encourage malingering, or to unduly arouse the sympathy of the jury, and therefore require a greater degree of care on the part of the trial judge in exercising the discretion vested in him, still such contingencies in and of themselves are not recognized as sufficient to forbid the reception of such evidence in cases such as this. ▇ Herein the so-called demonstration occurred as the apparently natural result of a physical examination and manipulation of the

injured parts. Its value and weight as evidence was for the jury's consideration. On motion for new trial the subject in question was fully dealt with by counsel and the court, and the motion was denied. The court heard and saw the whole transaction and had opportunity, and was in a situation peculiarly favorable to weigh the same and determine if it resulted in any prejudice to appellants. We find no basis in the record warranting the substitution of the discretion of this court for that of the trial court, exercised not once but twice under most favorable circumstances. (*Mirabito* v. *San Francisco Dairy Co.*, 1 Cal. (2d) 400 [35 Pac. (2d) 513].)

In respect to appellants' claim of excessive damages, it is the recognized rule in this state that before a reviewing court may set aside a verdict as excessive it must appear that the amount awarded by such verdict is so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment. (*Ware* v. *McPherson*, 213 Cal. 120 [1 Pac. (2d) 433]; *Hart* v. *Farris*, 218 Cal. 69 [21 Pac. (2d) 432].) The fact that the trial court denied a motion for new trial on the ground of excessive damages, among others, is persuasive and confirms us in our conclusion from a review of the record that the verdicts herein may not be declared excessive.

During his closing argument counsel for respondents stated that the reason he had not called two physicians who had attended and treated plaintiffs after the accident was that, because of continuances of this case for trial, those witnesses were away on their vacations when the case was called for trial. This was assigned as misconduct and a statement of fact not based on any evidence in the case. The court at once admonished the jury to disregard the statement of counsel, and later in its instructions charged it to disregard any statement of the attorneys during the progress of the case unless it amounted to a stipulation or argument. There was no misconduct in the remarks of counsel of that wilful or persistent nature which is necessary to constitute reversible error; and if there was any impropriety in the remarks made it was presumably cured

by the prompt and clear admonition of the court. (*Tingley* v. *Times Mirror Co.*, 151 Cal. 1, 23 [89 Pac. 1097].)

█ Appellants finally contend that the City of Signal Hill, a municipal corporation, was not liable for the negligent acts of its servant, done in the performance of duties, which were governmental in their nature. The present action is founded on the provisions of section 1714½ of the Civil Code, which in its pertinent parts is as follows: "Hereafter . . . every . . . municipal corporation . . . owning any motor vehicle, shall be responsible to every person who sustains damage by reason of death, or injury to person or property as the result of the negligent operation of any said motor vehicle by an officer, agent or employee, or as the result of the negligent operation of any other motor vehicle by any officer, agent or employee when acting within the scope of his office, agency or employment." This section, enacted in 1929, was designed to remove the state and all political subdivisions and municipal corporations from the well settled rule of nonliability in cases of tort arising out of the exercise of purely governmental functions, and to place upon those public bodies a liability for tort whether the damage arises in the performance of governmental or proprietary functions. (*Armas* v. *City of Oakland*, 135 Cal. App. 411, 420 [27 Pac. (2d) 666, 28 Pac. (2d) 422]; *Heron* v. *Riley*, 209 Cal. 507, 514 [289 Pac. 160]; *Chilcote* v. *San Bernardino County*, 218 Cal. 444 [23 Pac. (2d) 748]; *Bates* v. *Escondido Union High School District*, 133 Cal. App. 725, 728 [24 Pac. (2d) 884].) Under the section quoted and its interpretation and application by our appellate courts, it is obvious that the appellants' contention is without merit.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.