[Civ. No. 10233. First Appellate District, Division One.—April 7, 1937.]

JENNIE WHICKER, Respondent, v. CRESCENT AUTO COMPANY (a Corporation) et al., Appellants.

Charles V. Barfield for Appellants.

Edmund Gerald Brown and Harold C. Brown for Respondent.

THE COURT.—The plaintiff was injured by an automobile driven by defendant, Basil Vaughn, an employee of the corporations named. A jury awarded her as damages the sum of $7,500 as against all the defendants. Following a motion for a new trial the amount was reduced to $5,000 and judgment was entered accordingly.

The defendants, who have appealed, urge that the trial court erred to their prejudice in certain of its instructions and rulings, and also by its denial of their motion for a new trial.

Vaughn's negligence is not disputed. The jury was instructed that in the absence of evidence to the contrary it would be presumed that the plaintiff did everything that a prudent person would have done under the circumstances for her own safety. Defendants contend that, plaintiff and Vaughn—who was called as her witness under section 2055 of the Code of Civil Procedure—having testified with respect to her conduct at the time of the accident, the instruction was improper.

The automobile driven by Vaughn rounded a corner of Powell and Market Streets in San Francisco and turned into the latter street at a speed estimated at 30 miles an hour. The distance from this corner to the place where plaintiff was injured was between 25 and 30 feet. The plaintiff was struck as she stepped from a safety zone on Market street in an attempt to reach the north sidewalk. Due apparently to the confusion attending such a casualty her recollection of the precise details of the accident was far from clear; that of Vaughn created a conflict in certain particulars, and the testimony of a third witness to the occurrence differed in some respects from both. Vaughn's testimony, though evidence in the case which the jury might consider, did not of itself destroy the probative weight of the fact presumed, the question whether his testimony proved facts sufficient to overcome the presumption being one for the jury. (*Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529] ; *Tuttle* v. *Crawford*, 8 Cal. (2d) 126 [63 Pac. (2d) 1128].) According to numerous

cases it is only where facts are admitted or established by proof (the effect of evidence, Code Civ. Proc., sec. 1824) which are irreconcilable with the presumption that it loses its evidentiary weight. (*Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 Pac. 269] ; *Smellie* v. *Southern Pac. Co., supra;* 10 Cal. Jur., Evidence, sec. 64, p. 747.) As held in the Smellie case, the calling of an adverse party under the code section does not have that effect, nor in cases of this character is a party who is merely giving a narration as to how events appeared to him rather than making an admission or testifying to a fact peculiarly within his own knowledge, bound by his own testimony as against circumstantial or other evidence which the jury might fairly believe. (*Kanopka* v. *Kanopka,* 113 Conn. 30 [154 Atl. 144, 80 A. L. R. 619] ; *Whiteacre* v. *Boston Elevated Ry. Co.,* 241 Mass. 163 [134 N. E. 640] ; *Hill* v. *West End Street Ry. Co.,* 158 Mass. 458 [33 N. E. 582].)

In *Johnson* v. *Johnson,* 137 Cal. App. 701 [31 Pac. (2d) 237], a negligence case, it was urged that the plaintiff's testimony supported the theory of the defendant as to how the accident happened, and that the former was bound thereby; but the court, in holding that she was not so bound, said: "It is well known that honest witnesses do not always see the same thing or get a correct impression of the happening and relation of a series of events that take place almost simultaneously." So here the evidence of the occurrence was not so clear or certain as to enable us to say that facts were proved which made the presumption of no weight, or should preclude the jury from determining the question from a consideration of all the evidence, including the presumption (*Mar Shee* v. *Maryland Assur. Corp., supra; Tuttle* v. *Crawford, supra; Tanaka* v. *Granelli,* 107 Cal. App. 547 [290 Pac. 515], nor does *Paulsen* v. *McDuffie,* 4 Cal. (2d) 111 [47 Pac. (2d) 709], hold to the contrary.

Defendants complain of certain instructions, stating in substance that a pedestrian might cross from a safety zone to the near adjacent curb, but must use ordinary care for his own safety in doing so, and a higher degree of care than at an established crosswalk; also that a pedestrian using that degree of care has an equal right with a motorist to the use of that portion of the street. An ordinance of the city and county of San Francisco (No. 7681, sec. 10), provided, with respect to the district in which the accident happened, that

no pedestrian should cross a roadway other than by a crosswalk, or be in any roadway other than in a safety zone or crosswalk, but that it should not be construed "to prevent the necessary use of the roadway by a pedestrian". Section 131½ c of the California Vehicle Act required pedestrians crossing a roadway at any point other than within a marked or unmarked crossway, to yield the right of way to vehicles, the driver of such a vehicle, however, being charged with the duty of exercising due care. Plaintiff's right to cross at a place other than at a crosswalk—which it appears was approximately 104 feet from where she was standing, was, at the request of the defendants, submitted to the jury on the issue whether her act was a necessary use of the highway. We are satisfied that the instructions complained of fairly stated the duty of a pedestrian making such use of the street; and the implied finding of such necessity is reasonably supported by the evidence. .

▆ The court also instructed the jury that although the plaintiff and the driver are both charged with the use of ordinary care, from the fact that the driver was operating an automobile at the time of the accident, he was bound to use a greater amount of care. A similar instruction was approved in *Vedder* v. *Bireley,* 92 Cal. App. 52 [267 Pac. 724], and is in accord with the rule that the care to be exercised in the use of any instrumentality is proportionate to the possibilities arising from its careless use, the degree of care required being ordinary care under the circumstances. (5 Am. Jur., Automobiles, sec. 12, p. 524. See, also, *Pinello* v. *Taylor,* 128 Cal. App. 508 [17 Pac. (2d) 1039]; *Anderson* v. *Walters,* 135 Cal. App. 380 [27 Pac. (2d) 100].) This instruction was criticized in *Warnke* v. *Griffith Co.,* 133 Cal. App. 481, 496 [24 Pac. (2d) 583]; but there by a proposed instruction the jury would have been charged, contrary to the weight of authority, that an automobile is a dangerous instrumentality (5 Am. Jur., Automobiles, sec. 11, p. 522).

▆ The jury was also charged in substance that, although it was plaintiff's duty to use ordinary care at all times, she was not required to look continuously for approaching cars. That such is the rule was held in *Filson* v. *Balkins,* 206 Cal. 209 [273 Pac. 578]; *Maggart* v. *Bell,* 116 Cal. App. 306 [2 Pac. (2d) 516]; *Lincoln* v. *Williams,* 119 Cal. App. 498 [6

Pac. (2d) 563] ; *Crooks* v. *Doeg,* 4 Cal. App. (2d) 21 [40 Pac. (2d) 590] ; *Pinello* v. *Taylor, supra.*

During the trial, in response to a question by a juror, a witness referred to a request for a statement made by a person whom he supposed to be a representative of an insurance company. The court immediately instructed that no insurance company was a party to the suit, and that the answer of the witness should be disregarded. This was sufficient to remove any prejudicial impression from the testimony in this respect.

The trial court required, as a condition to its order denying a new trial, that a portion of the award be remitted. In so doing it was stated that a new trial otherwise would be granted on all the statutory grounds. Defendants urge that the order indicates that the trial court was dissatisfied with the verdict on the facts and on the other grounds urged by the defendants in support of their motion; and that it was therefore the duty of the court to grant a new trial irrespective of the amount of the award. That such is not the rule was held in *Dreyer* v. *Cyriacks,* 112 Cal. App. 279 [297 Pac. 35] ; *Muench* v. *Gerske,* 139 Cal. App. 438 [34 Pac. (2d) 198].

We are satisfied from an examination of the entire record that the evidence reasonably supports the verdict, and that no error was committed which would warrant the conclusion that there was a miscarriage of justice.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1937, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.