[Civ. No. 12135.   First Dist., Div. One.   Jan. 4, 1943.]

DATE PRIMM, Respondent, v. MARKET STREET RAIL-WAY COMPANY (a Corporation) et al., Appellants.

482

Cyril Appel, Ivores R. Dains, George Liebermann and George E. Baglin for Appellants.

John J. Taheny for Respondent.

WARD, J.—Defendants appeal from a judgment for plaintiff for personal injuries suffered by him as the result of a collision between an automobile in which he was riding, and a streetcar owned by the corporate defendant and operated by George Sorg, and also from an order denying their motion for judgment notwithstanding the verdict.

The accident occurred at the intersection of McAllister and Hyde Streets in downtown San Francisco on a Sunday afternoon at about 1:15 p.m. The day was clear and the streets dry. There were no other vehicles in the vicinity. McAllister Street, on which the defendant corporation maintains a double track, runs in an easterly and westerly direction, the southerly track carrying eastbound traffic, the northerly, westbound. Hyde Street runs north and south. Both streets are 45 feet wide between curbs and have sidewalks 12 feet wide. There is an office building on the northwest corner of the intersection, and both streets as they approach such intersection have a slight down grade.

At the time of the accident, plaintiff and his wife were on their way to a hospital, where the latter was to report for duty as nurse at 2:00 p.m. They had left some laundry a short block away and were driving south on Hyde Street toward McAllister Street at between 15 and 20 miles an hour. As they approached the intersection, plaintiff's wife, who was driving, reduced the speed of the automobile, looked to the left, observed no traffic approaching from that direction, and, when a short distance north of the north property line of McAllister Street, looked to her right. At this time she observed the approaching eastbound streetcar, which was at that time about 98 feet west of the west property line of Hyde Street. She was unable to estimate the speed at which it was traveling. Without further looking in the direction of the streetcar, she continued at a speed of between 12 and 15 miles an hour, and did not again observe the streetcar until the front wheels of her automobile had just crossed the south rail of the westbound track. The distance between the two tracks is approximately six feet. She testified that at that time the front end of the streetcar, which appeared to have increased its speed, and which was traveling at 20 or 25 miles an hour, was about at the west property line of Hyde Street; that she had not removed her foot from the accelerator from the time she first saw the streetcar, nor had she time to apply the brake between the time she saw it the second time and the moment of the impact, which occurred when the automobile was astride the eastbound track.

The complaint charges negligence in general terms. The answer was a denial, and also set up as a separate defense contributory negligence. The jury returned a verdict for $3,500 in favor of plaintiff. The negligence of the defendants is not disputed on this appeal.

It is the contention of appellants that in driving through the intersection and upon the eastbound track plaintiff's wife was contributorily negligent, and that as a matter of law plaintiff's right of recovery is lost under community property principles (3 Cal.Jur. 10-Yr. Supp., p. 542, § 52), also that in the giving of certain instructions to the jury, the trial court was guilty of prejudicial error.

The testimony of the various witnesses relative to the respective positions of the streetcar and the automobile just

prior to the accident, is in conflict, and the testimony as to the speed at which they were respectively traveling is, in some instances inconsistent with the distances covered by them. Appellants cite cases (*McHugh* v. *Market St. Ry. Co.*, 29 Cal.App.2d 737 [85 P.2d 467] ; *Arnold* v. *San Francisco-Oakland T. Rys.*, 175 Cal. 1 [164 P. 798] ; *Read* v. *Pacific Electric Ry. Co.*, 185 Cal. 520 [197 P. 791] ; *New York L. Oil Co.* v. *United Railroads*, 191 Cal. 96 [215 P. 72] ; *Gore* v. *Market Street Ry. Co.*, 4 Cal.2d 154, etc. [48 P.2d 2]) in some degree similar to uphold their contention that plaintiff is guilty of contributory negligence as a matter of law. An examination of such citations, however, indicates that in the main the evidence therein was clear-cut and definite with regard to the conduct of the plaintiffs. In the present case the evidence is conflicting. Appellants seek primarily to confine the test to the evidence given by plaintiff's wife, the driver of the car. In determining her negligence, assuming, but not deciding, that from her testimony a reasonable inference might be drawn that she was contributorily negligent, still plaintiff is entitled on appeal to have such testimony considered in conjunction with other evidence susceptible to a more favorable interpretation. (*Martinelli* v. *Poley*, 210 Cal. 450 [292 P. 451] ; *Whicker* v. *Crescent Auto Co.*, 20 Cal.App.2d 240 [66 P.2d 749] ; *Parker* v. *Manchester Hotel Co.*, 29 Cal.App.2d 446 [85 P.2d 152].) Discrepancies in testimony are not unusual. The weight to be given such testimony rests solely with the trier of the facts, except, upon a motion for a new trial, the judge under proper circumstances may grant a new trial. Otherwise a party may not be held absolutely bound by the testimony of a given witness if there is other evidence at variance with it which a fact finding body may fairly believe. (*Gibson* v. *County of Mendocino*, 16 Cal.2d 80 [105 P.2d 105].)

In view of the verdict, we must conclude that the jury accepted the evidence most favorable to plaintiff. There is evidence that at the time the automobile entered the intersection the streetcar was approximately 166 feet away; that the driver of the former had ample time to cross had the speed of the streetcar been properly reduced, and that the streetcar had been "slowed down" just prior to the accident, but its speed was increased as it entered the intersection. The proximate cause of the accident, including the question of the diligence of plaintiff's wife in observing the streetcar,

was a question for the jury. We are unable to say as a matter of law that the driver of the automobile was guilty of contributory negligence. (*Couchman* v. *Snelling,* 111 Cal.App. 192 [295 P. 845]; *Cowan* v. *Market St. Ry. Co.,* 8 Cal.App.2d 642 [47 P.2d 752].

Appellants object to an instruction in that it mentions only the distance of the streetcar from the intersection at the time plaintiff's wife proceeded to cross, and makes no mention of its speed, but the instruction contained the phrase which obviously referred to both distance and speed—"That an ordinarily prudent person in the exercise of reasonable care under the same or similar circumstances would believe that he or she could make such crossing in safety." The action of plaintiff's wife in crossing would be prudent or imprudent regardless of the exact point at which she observed the streetcar, depending upon whether as the result of her diligence in observing approaching traffic at the intersection, an ordinarily prudent person under similar circumstances, including all the surrounding facts of visibility, speed, etc., would have been justified in believing that a crossing could be made in safety. Distance and speed are "circumstances." The question of prudence or imprudence in observing the conditions before or upon entering the intersection may depend upon the "circumstances" of observation. There was evidence of "speed" and "distance," each separately and collectively to be considered by the jury. We are not convinced that the instruction stressed the question of distance and ignored that of speed in view of the language used therein and in other instructions on the subject of "speed," the duty of one traversing an intersection of highways, and the distance necessary to constitute a clear and unobstructed view of approaching traffic.

Appellants also contend that there is error in the following instruction: "If you so find from the evidence that at the time and place of the accident in question the operator of the automobile was driving her automobile in a lawful and careful manner, then she was entitled, in the absence of anything which reasonably should give her notice to the contrary, to assume, and to act on the assumption, if you so find, that the operator of the street car in question would keep his street car under control and would use ordinary care to avoid colliding with said automobile." In *Edlund* v. *Los Angeles Ry. Co.,* 14 Cal.App.2d 673, 675 [58 P.2d 928], the court said:

"One may not continue to assume that the law is being observed after knowing or having an opportunity, by the use of reasonable care, to know that it is not being observed." The instruction required the jury to find that the operator of the automobile was driving in a careful manner, and if so that "she was entitled, in the absence of anything which reasonably should give her notice to the contrary, to assume," etc. Whether the controversy relative to the speed of the streetcar or the opportunity of plaintiff's wife to have observed such speed, these were questions of fact. Since the instruction was qualified as indicated, we find no prejudicial error.

■ At defendants' request the court instructed the jury: "A street car has from necessity a right of way over that portion of the street upon which alone it can travel, paramount to that of persons and ordinary vehicles, though this superior right is not exclusive, and does not prevent others from driving or passing across or along its tracks at any place or time, when by so doing, it will not materially interfere with the progress of the cars. It is the duty of the citizen, whether on foot or in a vehicle, to give unobstructed passage to the street cars, which cannot turn out or leave the track." They contend that an instruction given at the request of plaintiff, in substance, that the defendants "had no rights greater or superior to those of the operator of the automobile," was conflicting with the one above quoted as to the paramount right of way of the streetcar over that part of the street on which it alone can travel. The two instructions are inconsistent only when certain language of the first is considered with a few words used in the second. The statement in the above quoted instruction—that the streetcar has a paramount right of way over an automobile—is not entirely correct as applied to intersections. The following language from *Cowan* v. *Market Street Ry. Co., supra,* p. 649, is applicable here: "The elementary principle that a street car traveling on fixed rails must have the right of way over other movable traffic may be conceded, but it has no application to the facts of this case."

■ The rule applicable to the facts of this case is set forth in *Wright* v. *Los Angeles Ry. Corp.*, 14 Cal.2d 168, 173 [93 P.2d 135]: " . . . it is generally conceded that, on approaching an intersecting street, the duties of a streetcar motorman and those of the driver of an automobile which is about to cross the streetcar tracks at such intersection, are reciprocal and that

each is required to approach the intersection with due regard for the rights of the other. (*Smith* v. *Southern Pac. Co.*, 201 Cal. 57 [255 P. 500]; *Shipley* v. *San Diego Elec. Ry. Co.*, 106 Cal.App. 659 [289 P. 662].) In that regard it was said in the case entitled *Aungst* v. *Central California Traction Co.*, 115 Cal.App. 113, 116 [1 P.2d 56] : ' . . . ''that where both street car companies and automobiles have the right to use the public street, the right of each must be exercised with due regard to the rights of the other, and in such a manner as not unreasonably to infringe upon the rights of the other.'' ''While street cars must run upon the tracks provided for them, they have no absolute or pre-eminent *right of way over intersections,* but must use the same with due regard to the safety and rights of the general public.'' (*O'Connor* v. *United Railroads,* 168 Cal. 43 [141 P. 809].)' (Emphasis added.)'' When considered with a number of other instructions, it does not appear that a serious doubt could have arisen in the minds of the jury as to the rights and duties of the parties.

The court instructed that a streetcar approaching an intersection does not have a right of way superior to that of an automobile which has entered from an intersecting street. It would perhaps have been better if, instead of negativing the superior rights of one party, the jury had been instructed that under ordinary circumstances the rights and duties of parties entering an intersection at the same time (60 C.J., p. 400, § 209), save in the particular that a streetcar confined to tracks may not swerve to the right or left (*Runnels* v. *United Railroads,* 175 Cal. 528 [166 P. 18]), are equal; that the operator of a streetcar and the driver of an automobile are required to respect each other's rights (*Wright* v. *Los Angeles Ry. Corp., supra*). However, from an analysis of the instruction we find the court did not state that the automobile had superior rights. Appellants contend that plaintiff's evidence shows that this is a case of vehicles entering the intersection at the same time. The evidence indicates that the automobile entered first. We cannot concede that appellants were injured by this particular instruction.

Based upon certain language used in *Whitfield* v. *Debrincat,* (Cal.App.) 120 P.2d 40, an objection was made in the appellants' opening brief to an instruction relative to contributory negligence. A rehearing was granted in the cited case (50 Cal.App.2d 389 [123 P.2d 591]), and the hold-

ing referred to is ultimately eliminated. A petition for hearing by the Supreme Court was denied.

We do not find that any of the instructions objected to, or the refusal to give certain instructions, warrant a reversal of the judgment. The conclusion at which we might arrive from the evidence is immaterial. There is substantial testimony to support the conclusion reached by the jury upon evidence as to which reasonable minds might differ.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied February 3, 1943, and appellants' petition for a hearing by the Supreme Court was denied March 1, 1943.