ROGERS, Justice.
 

 This is an expropriation proceeding brought by the Housing Authority of New Orleans to acquire a vacant lot of ground situated at the corner of Annunciation and St. Mary Streets in the City of New Orleans. The lot has a frontage of 3F
 
 11" 6'"
 
 on St. Mary Street by a depth and front of 128' 0" 4"' on Annunciation Street.
 

 The right of the plaintiff to expropriate the property is not questioned. The only question involved is the market value of the lot.
 

 The jury of freeholders awarded defendant $2500.00 and judgment was rendered accordingly. The plaintiff has appealed on the theory that the verdict of the jury is excessive.
 

 Defendant purchased the property with the improvements thereon for $2200 in 1921. The improvements consisted of a double cottage which was torn • down by defendant in 1931. The pavement on Annunciation Street was laid in the latter part of 1929, and at the time the case was tried in the district court there was a paving lien recorded against the property amounting to $1700, together with certain tax liens and a mortgage of $400 held by the Hibernia Bank.
 

 In support of its claim that the verdict of the jury is excessive, plaintiff relies on the testimony of two experienced realtors who, in a joint appraisement, valued the property at $989. On the trial of the case they testified they considered that figure to be the fair market value for the property because it is situated in a “blighted area” which is zoned for apartment houses only and can not be used for commercial purposes. They further stated that they valued all the frontage on St-
 
 *1070
 
 Mary Street in the entire housing project on the basis of $25 per front foot. To this they added for this particular lot of ground 20% for “corner influence” and 3% for the depth of the lot over 120 feet. They admitted that, in arriving at their valuation, they did not take into consideration the fact Annunciation Street, on which the lot has a frontage of 128 feet, is a paved street. On cross-examination they give as their reason for failing to do this that the property is situated in a blighted area and its utility value could not be justified by a frontage of 128 feet on Annunciation Street by a depth of 30 feet.
 

 In support of his claim that the verdict of the jury is not excessive, defendant relies on the fact that Annunciation Street had been paved since he acquired the property; on his own uncontradicted testimony that he valued the property at $3000, but that he had offered to sell it to plaintiff for $2500, which offer was not accepted, and that later plaintiff had him sign an option to sell the property for $2100, which plaintiff was willing to pay, but which defendant refused to comply with when plaintiff would not agree to assume the amount due for the paving of Annunciation Street; and on the well established principle of law that the jurors in expropriation proceedings enjoy to some extent the character and authority of experts themselves, are supposed to have some personal knowledge of the matter submitted to them, and are authorized to rely on their own testimony, as well as on the testimony adduced before them.
 

 While it might be said that the opinions of experts are important in determining the market value of property, they are by no means conclusive for that purpose. In this case the experts, admittedly, do not regard the paving of Annunciation Street as of any importance in estimating the value of defendant’s property. But as a matter of common sense and common experience it would seem that the paving of a street or a road invariably enhances the value of the abutting property. It is generally known that Annunciation Street is subject to heavy traffic to and from the business section of the city, and we do not see how it can be successfully contended that the paving for the entire frontage of 128 feet of plaintiff’s property on Annunciation Street does not to some extent add to its value, even though it may be situated in a so-called blighted area. In addition to this fact, there are other considerations which tend to support the verdict of the jury. Defendant’s uncontradicted testimony that in his opinion his property is worth $3000 is entitled to some weight, particularly when it is considered in connection with plaintiff’s willingness to accept defendant’s offer made at plaintiff’s suggestion to sell his property for $2100. Plaintiff’s willingness to pay $2100 for the property involves an admission or estimate that the property is worth not less than the amount plaintiff was willing to pay for it. Moreover, as was held in Telegraphic Cable Company v. Railway Company, 43 La.Ann. 522, 525, 9 So. 119, 121, the jury of freeholders sitting in an expropriation proceeding possess, to some extent, the
 
 *1072
 
 character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and are authorized to act on their own opinions, as well as on the testimony adduced before them. And while their verdicts are subject to review on appeal and may be amended when manifestly inadequate or excessive, they are entitled to great respect and will not be interfered with except in the case of gross or manifest error. This holding has been approved by repeated decisions of this Court as pointed out in the case of City of Shreveport v. Pedro, 170 La. 351, 127 So. 865.
 

 Counsel for the plaintiff, in his brief, lays stress on what he terms was an unfortunate statement made by the trial judge in his charge to the jury. The statement complained of is as follows: “It is the fair market value today, plus what you think that lot will bring as of today with the improvements on it as a part thereof.” Counsel argues that this statement obviously misled the jury in adding to the value of the lot the paving lien of approximately $1700; that the jury evidently placed a value on the lot. of $800 to which they added the $1700 due on the paving lien, making a total of $2500, at which amount they assessed the value of the property,. • Plaintiffs . argument is founded wholly on speculation and conjecture. Why the jury should have placed a value of $800 on the lot when plaintiff’s experts appraised it at $989 is not clear. And the trial judge, answering a question by one of the jurors, expressly instructed the jury that they were not “to consider any mortgages or paving liens affecting the property,” and were “to fix only what the fair market value of that property is as. of today, disregarding all liens or mortgages against the .property.”
 

 The statement complained of was followed by the further statement of the tria' judge that “if you believe it (the property) can be bought for 25, bring in a verdict of 25; if you think 50, it is 50. It is for you to determine the value, what you think it is worth today.” In another portion of the charge the trial judge expressly instructed the jury “all that the defendant was entitled to be paid for his property is the fair market value it would bring as of the present day.”
 

 The charge of the trial judge must be considered as a whole, and particular expressions .contained therein construed with reference to the context. Applying this rule to the charge in this case, it appears that the trial judge correctly instructed the jury as to the law governing the case. And after reviewing the record _ in connection with the charge we fail to find wherein the rights of the plaintiff were prejudiced in any way by the statement complained of. ■ No contention was made or objection raised at thp time the charge was given, which should have been done if counsel for plaintiff was not satisfied with its .correctness. By his silence, -when it was his duty to speak, counsel for plaintiff indicated that the charge was a proper one and that he was satisfied it correctly set forth the law regulating 'the rights of the parties.
 

 Our reading of the record has not convinced us that the value placed by the
 
 *1074
 
 jury on the defendant’s property is so excessive as to warrant us to reduce the amount of their award.
 

 For the reasons assigned, the judgment appealed from is affirmed.