HARDY, Judge.
Plaintiff instituted this suit seeking the expropriation of a perpetual right-of-way over and across a certain described tract of land owned by defendant, located in Claiborne Parish, for the purpose of locating, constructing and maintaining an eledtric transmission line. After trial there was judgment in favor of plaintiff conditioned upon payment to defendant of the sum of $833.33 as constituting full value of the rights adjudicated and all incidental damage. From this judgment plaintiff has appealed, seeking a reduction of the amount of the award to the sum of $166.67, and further judgment ordering repayment by defendant of the overpayment in the amount of $666.67.
The only issue tendered on appeal relates to the amount of the award made in favor of plaintiff, inasmuch as the only relief sought by plaintiff is a reduction in the amount, whereas defendant has not answered the appeal and, in brief before this court, asks only that the judgment appealed from be maintained.
The servitude taken for plaintiff’s use by this action embraces a right-of-way across defendant’s property 1,450 feet in length by 100 feet in width, comprising 3.33 acres. The judgment awarded by the district court was obviously based upon a valuation of $250 per acre, which amount appears to be acceptable to defendant but is vigorously contested by plaintiff, who asserts that the valuation should be fixed at $50 per acre.
On trial plaintiff produced a number of witnesses who fixed the value of the property at $50 to $75 per acre, but it was established that plaintiff had paid amounts considerably in excess of these figures to neighboring landowners. Specifically, plaintiff had paid an adjoining landowner on the basis of a valuation of $150 per acre and, while it was claimed that this figure included compensation for certain services to be rendered by way of assistance to plaintiff, no fixed value was placed upon these services. Additionally, it was established by the testimony of expert foresters, on behalf of plaintiff, that damage to the timber cleared from the right-of-way on defendant’s land would amount to the' sum of $95.09.
*156 In addition to the actual value of the land which would be embraced in the proposed right-of-way defendant urged his entitlement to additional damages which included the increased cost of the construction of a dam and the impounding of water for an artificial pool on the property, loss of the benefit of a ten-year contract entered into with the Soil Bank Division of the Department of Agriculture, under which defendant expected to receive approximately $12 per acre per annum, etc. Unfortunately, the evidence does not support these and other contentions relating to value asserted by defendant, who has represented his own interests, in propria persona, on trial and appeal of this case. While a witness for defendant testified that he had made a preliminary soil inspection and survey of a portion of defendant’s property with reference to the location of a dam, it is not satisfactorily established that this project could not be effectively carried through despite plaintiff’s use of the right-of-way in question, nor was any comparison of cost tendered by the evidence. As to the contract with the Soil Bank, the evidence does not justify a finding that any binding agreement had been entered into, and, on the contrary, it appears that this was purely an anticipated venture to be negotiated at some future time. In short, we do not find that the record establishes any basis for an award aside from the value of the land itself and the damages resulting from the cutting of timber.
Despite the testimony of plaintiff’s witnesses as to the valuation of the property in question, we think it would be grossly inequitable to consider an award to defendant which would be less than the amount of $150 per acre voluntarily paid by plaintiff to a neighboring landowner. To this amount should be added the estimate of damage to timber, as fixed without contradiction by plaintiff’s own witnesses, On this basis the award would total $594.59.
For the reasons assigned the judgment appealed from is amended by reducing the amount of the award in favor of defendant from the sum of $833.33 to the sum of $594.59.
It is further ordered, adjudged and decreed that defendant be, and he is, ordered to repay to plaintiff any amounts heretofore received in excess of the sum above fixed.
As amended, the judgment appealed from is affirmed and defendant is taxed with the cost of this appeal.