LeSUEUR, Judge.
The plaintiffs in this action have appealed from an adverse jury verdict rendered in the trial court denying all claims brought against the defendants for injuries sustained by Mrs. Vidal.
The plaintiffs allege that on January 21, 1967, Mrs. Vidal, who was then 17 years of age and 5% to 6 months pregnant, was injured after boarding a Westside Transit Lines, Inc. bus and that her injuries were due to the negligence of the driver, Enes Parks, in starting the bus with unusual violence before Mrs. Vidal had time to reach a seat, causing her to fall. The defendants deny there was a fall, and, alternatively, contend that if Mrs. Vidal did fall, that Mr. Parks was not negligent and/or that recovery is barred by her contributory negligence.
There were no witnesses to the incident. At the critical moment Mr. Vidal was occupied with securing change and depositing it in the fare receptacle and there were no other passengers. Mrs. Vidal testified that she was on her way to but had not reached the third or fourth row of seats when the bus jerked forward throwing her to the floor. Mr. Parks testified that he had noticed that Mrs. Vidal was pregnant; but added that he had checked the rear view mirror prior to starting the vehicle and that her position in the mirror image indicated that she was seated before he moved. It is uncontested that, seated or standing, her hands were free. Special interrogatories were not used and the specific findings of the jury are not a matter of record.
The plaintiffs first maintain that a portion of the jury charge which defined certain presumptions and burdens relevant to carrier litigation was incorrect. The relevant language is as follows:
“While the mere happening of an accident does not make the carrier liable the proof of an accident on a public carrier by a passenger imposes a burden on the carrier to overcome a presumption of negligence and prove that the accident was beyond its control, that the carrier was in no way negligent or that the accident was the result of the passenger's negligence or contributory negligence.” (Emphasis supplied.)
The plaintiffs object to this language, relying upon the decision of the Supreme Court in Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963). There, the court held that:
“ * * * the law applicable to the case was correctly stated by the Court of Appeal thus:
“ ‘The mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence and imposes the burden on the carrier of convincingly overcoming such case. Adams v. Great American Indemnity Company, La.App., 116 So.2d 307; Johnson v. Continental Southern Lines, Inc., La.App., 113 So.2d 114, 74 A.L.R.2d 1328; Coleman v. Continental Southern Lines, Inc., La.App., 107 So.2d 69; Peters v. City of Monroe, La.App., 91 So.2d 428.
“ ‘A public carrier of passengers while not an insurer is required to exercise the highest degree of vigilance, care and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378. The carrier must do all that human sagacity and foresight can do under the circumstances, in view of the character and mode of conveyance adopted, to prevent injury to passengers, the carrier being held liable for the slightest negligence with reference to the exercise of such care. Mire v. Lafourche Parish School Board, La., 62 So.2d 541.’”
Plaintiffs assign error in the failure to specifically use the words “prima facie.” We also note that the instruction given *788 does not incorporate the necessity of “convincingly” overcoming the presumption, a more serious omission.
We agree that the language of the Wise decision is more precise than that used in the trial court and might better serve as the text for an instruction. This conclusion, however, does not compel either remand or reversal. The alleged error is, in our view, neither sufficiently crucial nor so prejudicial as to constitute reversible error. We also note in reaching this decision, the language of the Supreme Court in Housing Authority v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945):
“The charge of the trial judge must be considered as a whole, and particular expressions contained therein construed with reference to the context.”
The plaintiffs also argue that given only the testimony of the plaintiff and bus operator with which to determine liability, the defendants, who bear the burden of proof, must, as a matter of law, be held liable, citing Llorens v. City of Alexandria, La.App., 106 So.2d 342 (2d Cir. 1958). We cannot agree. The Llorens ruling presupposes by its language that the testimony of the adverse parties is of equal credibility and weight, a conclusion which this jury may not have reached. Moreover, in Llorens, the occurrence of the accident, the fact which brings the presumption into play, was conceded by the defendants. Here, the question is disputed.
 The remaining arguments of the plaintiffs are directed to the facts of the case. While we would agree that putting a public vehicle into motion before a person under incapacity had had an opportunity to find a seat, whether violently or not, abridges the high degree of care imposed upon a carrier, we must also recognize that these standards and the related questions of fact have been submitted to a competent jury and duly resolved. We cannot say the record presents the clear and manifest error necessary to reverse that resolution. As this court observed in Byrnes v. Bostick, La.App., 214 So.2d 179, 181 (4th Cir. 1968):
“No rule is more firmly established in our jurisprudence than that, in the absence of manifest error, the trial judge or jury will not be reversed on questions of fact dependent upon the credibility of witnesses.”
We must also bear in mind the defendants’ assertion of contributory negligence. The jury may have concluded that if Mrs. Vidal fell, the fall was due to her failure to properly steady herself. Here, too, the principles discussed in Byrnes govern our review.
For these reasons, the judgment of the trial court is affirmed, at appellants’ cost.
Affirmed.