CULPEPPER, Judge.
Central Louisiana Electric Company, Inc. seeks to expropriate a servitude 100 feet in width for high voltage electric transmission lines across defendant’s rural homesite and cattle farm. The only issue is the amount of compensation and severance damages. The district judge awarded $300 per acre for the 7.38 acres subject to the servitude, which makes $2,214. Additionally, he awarded 10% severance damages to the remaining land and improvements, which comes to $8,940.22. The total award for the servitude plus severance damages is $11,163.22. The plaintiff appealed, contending the award is excessive. Defendant answered the appeal, seeking an increase in the award to the sum of $16,054.80.
Defendant’s property consists of 97.5 acres, more or less, being the east one-half of a quarter-section, together with 17.5 acres adjoining on the north and measuring approximately 3300 feet north and south by 1300 feet east and west. The east side of the southeast corner of the property fronts on a curve in a public road of blacktop construction. Defendant has a large, new brick residence, valued at approximately $60,000, near his east property line and an asphalt driveway to the public road. The remainder of the 97.5 acres is used as pastureland. Defendant’s appraisers described his property as best suited for a “nice homesite and a small cattle farm operation.” Pictures in the record show the site, the home and surrounding pasture are very attractive in appearance.
The 100-foot servitude sought to be expropriated runs north and south through the entire length of the property. The east boundary line of the servitude is 259 feet west of defendant’s residence, which faces toward the south. On this servitude plaintiff proposes to construct a series of wooden “H-pole” structures, 90 feet in height, which will support six wires carrying 230,000 volts of electricity, and two static wires. In addition, a single line of poles, *471 90 feet in height, and supporting three wires carrying 34,500 volts, will be constructed.
Plaintiff’s expert appraiser, Mr. Sam LaCaze, Jr., found the land best suited for pasture, with a fee value of $265.38 per acre, for a total of $1958.50 for the 7.38 acres. Since the land subject to the servitude will not be fenced and can be used by defendant for pasture after the expropriation, Mr. LaCaze appraised the servitude at 30% of the value in fee, or a total of $587.50 for the servitude taken. He was of the opinion the remaining land and improvements would suffer no severance damages.
Defendant called two expert appraisers. Mr. J. Clyde Miley, Jr. appraised the pastureland at $315 an acre and the homesite and improvements at $62,557, for a total of $91,780. He was of the opinion that due to the number of poles and lines to be constructed and the restricted use which defendant would have of the property subject to the servitude, the value of the servitude was the same as the value in fee, i. e., $310 per acre.
Mr. Stephens was of the further opinion that the entire property, including improvements, would suffer severance damages of 15%. He explained that since the best use of this property is a “nice home and small cattle farm”, the unsightliness of these large electric poles and lines would detract from the appearance of the property. The servitude runs north and south only 259 feet from the west side of the house. The house faces south, so the poles and lines will be clearly visible to the front, rear and west of the house. Furthermore, the use of the pasture will be restricted because of the difficulty of “bushhogging around and under the poles.” Also, the lines will interfere with the use of airplanes for seeding, fertilizing or poisoning.
In a carefully considered written opinion, the district judge concluded from the evidence that the value of the servitude taken is $300 per acre or a total of $2,214 for the 7.38 acres subject to the servitude. An additional reason stated by the district judge is that plaintiff voluntarily paid $300 per acre for servitudes on adjoining properties. Such evidence may be considered, Louisiana Power & Light Company v. Sanders, 110 So.2d 154 (La.App. 2d Cir. 1959); Housing Authority v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945). We find these conclusions within the discretion of the trial judge who is free to weigh conflicting evidence in such cases, State v. Jones, 166 So.2d 538 (La.App. 1st Cir. 1964).
The district judge awarded 10% severance damages to the remaining land and improvements, the award for severance damages being $8,949.22. We also find this holding within the discretion of the trial judge.
Plaintiff’s principal argument on appeal is that because defendant can continue to use as pasture the land subject to the servitude, the value of the servitude should be no more than 50% of the value in fee. The district judge found a fee value of $310 per acre and a servitude value of $300 per acre. We find no manifest error in this award.
Plaintiff also argues on appeal that there are no severance damages. For the reasons stated above in our discussion of Mr. Stephens’ testimony, we think the award of severance damages by the trial judge is within his discretion.
In his answer to the appeal, defendant contends first that the value of the servitude taken is $310 per acre, the same as the value in fee. As stated above, we find the award by the trial judge of $300 per acre for the servitude is within his discretion.
Defendant contends further in his answer to the appeal that severance damages of 15%, the figure used by Mr. Stephens, should be awarded. We find the award for severance damages is within the discretion of the trial judge.
*472 For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.