350 So.2d 982 (1977)
Pat McEnery BENTLEY, Plaintiff-Appellant,
v.
INDUSTRIAL FIRE PROTECTION, INC., Defendant-Appellee.
No. 13343.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
*983 Johnson & Johnson by Don H. Johnson, Monroe, for plaintiff-appellant.
Farrar & Perry by Bennie Mac Farrar, Monroe, for defendant-appellee.
Before PRICE, MARVIN and JONES, JJ.
PRICE, Judge.
Plaintiff has appealed the judgment rejecting her request to have an expert witness fee taxed as cost by rule to show cause after final judgment in her favor.
On April 13, 1976, Pat McEnery Bentley was awarded judgment against defendant, Industrial Fire Protection Company, for damages for invasion of her property. Defendant was cast for costs. Defendant appealed the judgment, and it was affirmed by the Court of Appeal on November 1, 1976. On February 3, 1977, approximately two and one-half months after the judgment had become executory, plaintiff filed a rule to fix the fee of a surveyor as an expert and to tax it as costs. The trial court held that although costs had been awarded to plaintiff, no prayer or request was made by plaintiff either in petition or brief to fix the surveyor's fees as an item of cost. The court concluded that since there had been no specific prayer for expert fees, and since the judgment had become final, the court was without authority to reopen the case and add to the judgment. We reverse.
There are two issues on appeal: 1) Does rendering of judgment for "costs" include expert witness fees? 2) Can a rule to tax costs be filed after a final and executory judgment?
Article 1920 of the Code of Civil Procedure provides the general rule for awarding costs:
Unless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause.
Except as otherwise provided by law, the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.
The full scope of the term "costs" can be better understood by reference to Articles 549-552 of the prior Code of Practice which is the source of the present C.C.P. Art. 1920.
Art. 551. If the court have not decreed in their judgment that the party cast should pay the costs, the same are nevertheless due to the party in whose *984 favor the judgment had been given; and such party shall be entitled to have the same taxed, on execution of the judgment.
Art. 552. The costs to be paid by the party cast include not only the taxed costs, but also all the expenses incurred in taking testimony by commission, and the compensation allowed, for their services, to such experts, auditors, or judicial arbitrators, as may have been appointed in the suit; [and also] the costs of copies of notarial acts, of judgments, and other copies of the records of other public officers, necessary in the cause.
We do not believe that the legislature by enacting C.C.P. Art. 1920 intended to change the concept that when costs are taxed, expert witness fees are implicitly included. Supportive of this inference is L.R.S. 13:3666, amended in 1960, adding subsection "B" which states:
The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause. As amended Acts 1960, No. 114, § 1.
The language of subsection "B" mandates that expert fees be taxed under the denomination of "costs", implying that a rendering of judgment for costs includes expert fees despite the absence of explicit language to this effect.
The issue concerning the period within which to file the rule to fix the fees is clarified by subsection "B" (2) of L.R.S. 13:3666, noted above, which provides that the rule can be filed after the judgment is rendered. The finality of the judgment is not disturbed by a simple numerical determination of an item already adjudged. A judgment on a rule to tax costs is only incidental to the main suit in which an executory judgment for costs has already been rendered. See Chrichton v. Krouse, 150 So. 443 (La.App.2d Cir. 1933). Although suit is terminated, costs remain an incident of the suit and one of its issues until paid. Morries v. Zeller, 4 Orl.App. 411 (1907). An action to obtain compensation for an expert begins to prescribe only when the suit terminates. Penouilh v. Toye Bros. Yellow Cab Co., 1 So.2d 131 (Orl.1941), Hibernia Bank & Trust Co. v. J. M. Dresser Company Ltd., 14 La.App. 555, 131 So.2d 752 (Orl.1930). Therefore, both the legislation and the jurisprudence are in accord that a rule to fix costs may be filed after final judgment.
For the reasons assigned, we reverse and remand for a determination of the expert witness fee. Cost of this appeal is assessed to appellee.