JONES, Judge.
Plaintiff appeals a judgment awarding him $750 for physical injuries, $39 medical expenses and $300 property damage. He argues the awards are inadequate and fail to include any sum for loss of wages. We increase the property damage award to $535.50, and with this modification, affirm the trial court judgment.
On August 9, 1975, plaintiff was involved in an accident while driving his 1964 MGB automobile. Defendants admitted liability and the only issue presented was the amount of damages plaintiff should receive.
The trial judge made the following findings of fact in his written reasons for judgment:
“The original accident occurred on the 9th day of August, 1975. Eleven days later plaintiff was involved in another automobile accident on the 22nd day of August, 1975. The court’s problem was to determine the amount to award for the physical injuries to the plaintiff under these circumstances. The court, observing the demean- or of the witnesses and judging the credibility of the same is of the opinion that the physical injury to the plaintiff was slight and that an award in the amount of $750.00 would be reasonable to compensate for the physical injuries to the plaintiff.
“The Court also had the difficulty of establishing the medical costs attributable to the accident of the 9th of August. The Court feels the sum of $39.00 was proven by the plaintiff as medical costs attributable to the accident at issue. . . .”
Plaintiff suffered neck pain immediately following the rear end collision and on August 11 went to his physician, who x-rayed his cervical spine. The x-rays reflected no injury. The physician found, upon examination “no appreciable muscle spasm in plaintiff’s neck”, and diagnosed plaintiff’s injury as a mild cervical sprain. Plaintiff was charged $39 for these medical services. He did not return to this physician for further examination or treatment.
Following the second accident plaintiff was seen once by an orthopedic surgeon and several times by a neurosurgeon. He incurred medical expenses following the accident of August 22 of $296. Plaintiff testified he received no injury in the second accident which did approximately $500 damage to his automobile.
The trial court found plaintiff sustained only a slight injury and this is compatible with the diagnosis of a mild cervical sprain. This finding establishes plaintiff sustained minimal pain and suffering for a short duration and justifies the trial court’s declining to make any award for loss of wages. The trial judge found $39 medical expenses, the cost of plaintiff’s examination of August 11, attributable to the first accident and this establishes he considered additional medical expenses as unrelated to the first accident.
The trial judge emphasized the awards were determined after “observing the demeanor of the witnesses and judging the credibility of same.” A review of plaintiff’s *858 testimony reflects material statements of fact which are in direct conflict with facts unequivocally established by other witnesses, including some called by plaintiff. Plaintiff’s credibility having become suspect, the trial judge was justified in finding plaintiff’s injuries were slight, requiring no medical treatment subsequent to August 11 and requiring him to miss no work. Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
An appellate court should not disturb the award made by a trial judge unless the record clearly reveals an abuse of his much discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Considering the principles of review required by Canter and Coco, we affirm the trial judge’s personal injury and medical expense awards, and his rejection of an award for loss of income.
The lowest estimate for repairing plaintiff’s vehicle was $535.50 and was introduced by defendant Aetna. We find Aetna’s estimate fair and reasonable because the rusty condition of the car’s body created peculiar requirements for repairing the collision damage. We increase the property award to $535.50.
Defendant urges we fix the amount of his expert witness fees on appeal. There is no showing that the trial court has been requested to make such a determination. The fixing of the fee of an expert witness is within the prerogative of the trial judge. Plaintiff may proceed by rule to fix costs in the trial court even after the judgment rendered becomes final. Bentley v. Industrial Fire Protection, Inc., La.App., 2d Cir., 350 So.2d 982 (1977).
For the reasons assigned we award plaintiff judgment for property damage in the amount of $535.50, and as modified, we affirm the judgment of the trial court; costs on appeal are equally assessed to plaintiff and defendant.