368 So.2d 816 (1979)
LOUISIANA GAS PURCHASING CORPORATION, Plaintiff-Appellant,
v.
David Robert SINCOX et al., Defendants-Appellees.
No. 13811.
Court of Appeal of Louisiana, Second Circuit.
February 20, 1979.
*817 Dawkins & Coyle by Michael S. Coyle, Ruston, Hargrove, Guyton, Ramey & Barlow, Shreveport, for plaintiff-appellant.
David Robert Sincox, in pro. per.
J. Rush Wimberly III, Arcadia, Court Appointed Atty., for defendant-appellee.
Stewart & Stewart by Jonathan M. Stewart, Arcadia, Court Appointed Atty., for Edwin W. Pugh, Trustee.
Before BOLIN, PRICE and MARVIN, JJ.
BOLIN, Judge.
In this expropriation proceeding plaintiff pipeline company was granted a right of way for the installation of a gas pipeline across land owned by defendants. The trial court awarded defendants $1,290 as the fair market value of the servitude taken, $250 severance damages, and assessed plaintiff with all costs except for the fee of a court appointed attorney. By this appeal plaintiff questions the amount of compensation and assessment of costs. We amend the judgment to reject the award for severance damages and otherwise it is affirmed.
The thirty-five foot right of way granted to plaintiff traverses a 40-acre tract of timberland owned by defendants in Bienville Parish. The owners, Mr. and Mrs. Sincox, reside in Texas.[1] In February of 1978 plaintiff wrote Mr. Sincox a letter explaining its need for the right of way. In the letter plaintiff stated the value of the land sought amounted to $1,290. A draft for that amount and copies of a right of way agreement were enclosed. Mr. Sincox did not cash the draft.
At trial the only experts to testify concerning the value of the land and timber were those called by plaintiff. A timber appraiser testified the value of the timber lost due to the expropriation amounted to $746.80. A real estate appraiser testified the value of the 1.29 acres taken, minus the timber, amounted to $387.00.
Mr. Sincox appeared at trial and represented himself. In response to a question posed by Mr. Sincox as to how the pipeline company arrived at the $1,290 offered, plaintiff's right of way supervisor testified the figure was based on "previous experience" with rights of way in that area.
In his reasons for judgment the trial judge stated the amount offered, $1,290, represented the fair market value of the land taken for the servitude. Although he noted there was no evidence concerning severance damages, he awarded $250 for such damages. All costs were assessed to plaintiff with the exception of the fee for Mr. Sincox's court appointed attorney.
Plaintiff's first contention on appeal is that the trial court erred in basing the award upon the amount offered ($1,290) instead of the fair market value established by the testimony of the expert witnesses ($1,133.80). Plaintiff argues the trial court cannot substitute its own opinion for that of experts as to the fair market value of the land.
Plaintiff's assumption that the trial court is bound by the testimony given by the experts is incorrect. Such testimony does play a vital role in expropriation proceedings. Nevertheless, it is not conclusive. Its purpose is only to assist the trier of fact in determining the ultimate issues. State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972). Accordingly, the trial court was not bound, as contended by plaintiff, to award the exact amount established by the testimony of the experts.
Although not argued by plaintiff, we are aware of the jurisprudence which holds that offers to purchase should ordinarily not be considered in expropriation cases as evidence of fair market value because they are highly susceptible to fabrication. State v. McDuffie, 240 La. 378, 123 So.2d 93 (1960) (criticized in 22 La.L.Rev. 399 (1962)); Central Louisiana Electric Co. v. Gamburg, 200 So.2d 733 (La.App. 3d Cir. *818 1967). Our research reveals, however, that in at least one case our supreme court has treated an offer by the expropriator as an admission or estimate that the property was worth not less than the amount the expropriator was willing to pay for the property. Housing Authority v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945). Moreover, sales to the expropriator may be considered in reaching an opinion as to the value of the property. Gulf States Utilities Co. v. Norman, 183 So.2d 421 (La.App. 3d Cir. 1966), and authorities cited therein. In the case at bar the pipeline company's right of way supervisor testified that the $1,290 offer was derived from previous experiences with rights of way in that area. In effect this constituted not only the amount offered but also the supervisor's estimate of the true value of the property.
We find no error in the trial court's assessment of the fair market value of the 1.29 acre tract at $1,290. In addition to the reasons previously set forth, our decision is influenced by the fact that the difference between the amount offered and the amount established at trial by plaintiff's experts is slight $156.20.
Plaintiff's second argument is that the trial court erred in awarding severance damages. We agree. The burden of proving severance damages is upon the landowner who must establish them with legal certainty by a preponderance of the evidence. State, Department of Highways v. Ross Continental Motor Lodge, Inc., 328 So.2d 883 (La.1976). Since the trial judge noted there was no testimony introduced concerning severance damages, the $250 awarded for this item is erroneous.
Plaintiff's final argument is that defendants must pay costs under La.R.S. 19:12 which provides:
If a tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner.
Plaintiff contends it made a tender of the true value of the property in its letter to plaintiff dated February 3, 1978, which contained the draft for $1,290. We are unable to find that the information contained in that letter and the accompanying draft constitute a tender within the contemplation of La.R.S. 19:12. The letter by itself appears to be nothing more than an offer to purchase a right of way by the pipeline company. The letter does not explain that plaintiff is vested with the power to expropriate the right of way if the landowner chooses not to accept the offer, or that the landowner faces the possibility of paying for the proceedings if the matter ultimately goes to court. While there is some vague evidence that Mr. Sincox had some later "negotiations" with plaintiff, there is no clear and convincing proof he or the other two defendants ever had reasonable grounds to believe they had been tendered $1,290 as payment for the right of way in lieu of expropriation proceedings.
Since the assessment of costs under La. R.S. 19:12 relates directly to the landowner's guaranteed right to just and adequate compensation (La.Const. Art. 1, § 4), the statute must be strictly construed. Considering all the facts surrounding the offer to purchase in this case, we hold it was not a "tender" for the purpose of assessing costs.
The judgment is amended to delete the award to defendants of $250 as severance damages; otherwise, it is affirmed at plaintiff's cost.
NOTES
[1] The trustee of a Texas bank holding a "Deed of Trust and Security Agreement" was also made a defendant.