COVINGTON, Judge.
This is an appeal from a judgment of the District Court ordering the cancellation of the judicial mortgage on certain immovable property described as Lot 753, Villa del Rey Subdivision, Parish of East Baton Rouge, Louisiana.
On September 3,1976, a money judgment was signed in favor of plaintiff, Sara Renée Crifasi Losavio, against Bobby Joseph Gau-thier, for the amount of $6,671.59, plus interest, attorney’s fees and costs, which judgment was duly recorded in Mortgage Book 2805, Page 744, of the mortgage records of East Baton Rouge Parish. The judgment was rendered in suit No. 193,420, brought by Losavio against Gauthier and William T. Winfield. Gauthier was sued as the maker of a promissory note and Win-field as the party who had assumed payment of the note in an act of sale with assumption of mortgage dated December 18, 1969. The judgment reserved both Lo-savio’s and Gauthier’s rights against Win-field. Plaintiff was not a party to the transaction between Gauthier and Winfield, and did not release Gauthier from his obligation on the note. Thereafter, on September 21, 1976, judgment in favor of Losavio against Winfield was signed.
Subsequently, on August 25, 1977, Gau-thier filed for bankruptcy, No. 77-373 U.S. District Court for the Middle District of Louisiana. He listed the Losavio debt in the proceeding. The Bankruptcy Judge, on May 9, 1978, disclaimed Lot 753, Villa del Rey Subdivision, East Baton Rouge Parish, Louisiana, sometimes referred to as Palisades Drive, and Lot 76, Belfair Homes Subdivision, East Baton Rouge Parish, Louisiana, sometimes referred to as Bateman Circle, which were owned by Gauthier and his wife. Discharge in bankruptcy was granted the bankrupt on February 2, 1978.
Then, Gauthier instituted this action on August 4, 1980, by filing a rule to show cause pursuant to LSA-R.S. 9:5166[1] against Losavio and the Clerk of Court and Ex-Officio Recorder of Mortgages to have the inscription of the aforesaid judicial mortgage cancelled from the official records of the parish. On August 22,1980, the rule was heard, resulting in the trial court’s *923 judgment signed August 29, 1980, ordering the cancellation of the mortgage only insofar as it affected the Palisades Drive property; the Bateman Circle property was not affected by the order of cancellation. From this judgment, Losavio perfected a suspen-sive appeal.
Under the provisions of LSA-R.S. 9:5166, a person discharged in bankruptcy is entitled to have all judgments against him cancelled unless the holders thereof can prove a secured interest in the property by showing that the debtor has an equity therein over and above all encumbrances bearing against it. Kayda v. Johnson, 252 So.2d 708 (La.App. 1 Cir. 1971).
To prove that she had a secured interest in the Palisades Drive property, Losavio offered only the testimony of Thomas A. Maher, an appraiser having about 25 years experience, mainly in the Baton Rouge area, who was accepted by the trial judge as an expert in the field of real estate appraisals. Mr. Maher made an appraisal at the request of Losavio’s counsel as of August, 1977 (the date of the bankruptcy). He determined the fair market value of the Palisades Drive property to be $127,000 by the market data method and $128,850 by the cost approach method. On behalf of Gauthier, Thomas B. Legleu, vice-president in commercial loans with American Bank and Trust Company of Baton Rouge, testified that as of August, 1977, the bank had two collateral mortgage loans in the amounts of $40,000 and $20,000 on Lot 753, Villa del Rey Subdivision (the loans were in excess of $60,000, but the mortgage only secured that amount); the mortgage balance owed to Capital Savings and Loan Association was stipulated to be $54,093.46. These mortgage loans total $114,093.46. Gauthier, who testified that he was a real estate broker and in the construction business, stated that he had the property up for sale at the time of his bankruptcy, and that the only offer to purchase that he received was for $95,000. He was unable to sell it at an asking price of $125,000. In the bankruptcy proceedings, Gauthier placed a valuation of $120,000 on the property. Bryce Brunette also testified on behalf of Gauthier that he had tried to sell the Palisades Drive house for Gauthier. The original asking price was $125,000, but it was reduced to $110,000 in June of 1977. He received no offers at either price.
The appellant objects that the trial judge did not use the proper criteria and held the defendant in rule (the judgment creditor) to too high a standard of proof in determining fair market value and whether or not she had a secured interest. The record does not support any conclusion but that the appellant was only required to prove her case by a preponderance of evidence. LSA-R.S. 9:5166 expressly places the burden on the judgment creditor to prove that she has a “secured interest” in the property affected by the judgment. Kohnke v. Justice, 280 So.2d 665 (La.App. 4 Cir. 1973). As mentioned above, the only evidence offered by Losavio was the expert opinion of her appraiser, Mr. Maher. The weight to be accorded such expert opinions is stated in State, Department of Highways v. McPherson, 261 La. 116, 259 So.2d 33 (1972), as follows:
“Expert opinions are not ordinarily conclusive. They are generally regarded as advisory in character. Unlike testimony to a fact, an opinion seeks only to assist the court in its effort to determine the ultimate fact. Thus opinions as to value are not binding on the trier of fact. Peiser v. Grand Isle, 224 La. 299, 69 So.2d 51 (1953); Housing Authority of New Orleans v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945); La. Power & Light Co. v. Dixon, 201 So.2d 346 (La.App. 1967); State v. Wagner, 233 Minn. 241, 46 N.W.2d 676 (1951); 31 Am.Jur.2d, Expert and Opinion Evidence, § 183.
“And there is no rule that a party cannot prevail unless the evidence produced to establish his case is harmonious and consistent throughout. Indeed, if that were the rule, success would rarely attend an attempt to prove an ultimate fact. Primm v. Market St. Ry. R. Co., 56 Cal. App.2d 480, 132 P.2d 842 (1943); Bitsekas v. Parechanian, 67 Cal.App. 148, 226 P. *924 974 (1924); Cf. Biaggini v. Toye Bros. Yellow Cab Co., 163 So. 780 (La.App. 1935); 30 Am.Jur.2d Evidence, § 1082. “Justice does not require a court to accept as an absolute verity the opinion of the expert witness of a party simply because it involves a value of property lower than that of another expert tendered by the same party. State, through Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280 (1964).
“Instead, the effect to be given to opinion testimony is governed by the weight the trier of fact accords to that testimony. The weight testimony is entitled to receive is determined by the professional qualifications and experience of the expert, the facts and studies upon which his opinion is based and, in case of land appraisals, his familiarity with the locality. La. Power and Light Co. v. Dixon, 201 So.2d 346 (La.App. 1967). In all cases the possible bias of the witness in favor of the side for whom he testifies and the witness’ character and credibility bear upon the weight of the testimony.
“These are all matters for the trier of fact. And when, as in this case, testimony of the witnesses is contradictory, the finding of the trier of fact will not be overturned unless manifest error appears in the record. We find none here. Housing Authority of New Orleans v. Gondolfo, 208 La. 1065, 24 So.2d 78 (1945); 31 Am.Jur.2d, Expert and Opinion Evidence, §§ 181-184.”
The creditor has failed to show a secured interest in the property affected by the judgment ordering the cancellation. See Braud v. Morgan, 372 So.2d 221 (La.App. 1 Cir. 1978); Ferguson v. Citizens Bank & Trust Company, 265 So.2d 250 (La.App. 1 Cir. 1972).
Further, there is no merit to appellant’s assignment of error that the trial court failed to award cost of compliance with subpoenas and the expert witness fees. Such fees and costs can be fixed by rule after the final judgment. LSA-R.S. 13:3666; Spearman v. Barron, 351 So.2d 856 (La.App. 2 Cir. 1977); Bentley v. Industrial Fire Protection, Inc., 350 So.2d 982 (La.App. 2 Cir. 1977).
For the foregoing reasons, we affirm the judgment of the District Court appealed herein; the appellant is cast for costs of this appeal.
AFFIRMED.

. LSA-R.S. 9:5166 provides:
“Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy. Added by Acts 1970, No. 588, § 1.”